UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

JOHN PALLADINO, GARIB KARAPETYAN,
STEVE PALLADINO, and JOHN NYPL, *on behalf
of themselves and all others similarly situated*,

                       Plaintiffs,

                      v.

JPMORGAN CHASE & CO., JPMORGAN
CHASE BANK N.A., BANK OF AMERICA
CORPORATION, BANK OF AMERICA,
NATIONAL ASSOCIATION, BANK OF
AMERICA N.A., WELLS FARGO & COMPANY,
WELLS FARGO BANK N.A., CITIGROUP INC,
CITIBANK N.A., CITIBANK N.A. (NATIONAL
ASSOCIATION), U.S. BANCORP, US
BANCORP, U.S BANK NATIONAL
ASSOCIATION, PNC FINANCIAL SERVICES
GROUP, INC., PNC, PNC BANK NATIONAL
ASSOCIATION, CAPITAL ONE F.S.B.,
CAPITAL ONE FINANCIAL CORPORATION,
CAPITAL ONE BANK (USA), NATIONAL
ASSOCIATION, CAPITAL ONE, NATIONAL
ASSOCIATION, BANK OF THE WEST, VISA
INC., VISA U.S.A. INC., VISA
INTERNATIONAL SERVICE ASSOCIATION,
MASTERCARD INCORPORATED, and
MASTERCARD,

                       Defendants.

**MEMORANDUM & ORDER**
23-CV-1215 (MKB) (JAM)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

     On January 26, 2024, Magistrate Judge Joseph A. Marutollo granted Defendants' motion

for a stay of discovery pending resolution of Defendants' motion to dismiss and to compel

arbitration.[1]  (Mem. & Order dated Jan. 26, 2024 ("Discovery Order"), Docket Entry No. 67.)

On February 8, 2024, Plaintiffs filed a letter objecting to the Discovery Order, asking the Court

to "set aside or modify the . . . decision," contending that Judge Marutollo "overlooked and

misapprehended material points of fact and law."  (Pls.' Objs. to Discovery Order ("Pls.' Objs.")

1, Docket Entry No. 70.)  On February 23, 2024, Defendants filed a letter in response to

Plaintiffs' objections.  (Defs.' Resp. to Pls.' Objs. ("Defs.' Resp."), Docket Entry No. 76.)

For the reasons set forth below, the Court affirms Judge Marutollo's Discovery Order in

its entirety.

**I.   Background**

The Court assumes familiarity with the facts and procedural background as set forth in

the Discovery Order.  (*See generally* Discovery Order.)  The Court summarizes only the relevant

facts and procedural history.

On December 30, 2022, Plaintiffs, who are Visa and Mastercard credit- and debit-card

cardholders in California, commenced this action by filing a complaint in the Superior Court of

the State of California for the County of San Francisco.  (*See* Notice of Removal 2–3, Docket

Entry No. 1; Compl., annexed to Notice of Removal as Ex. A, Docket Entry No. 1-1.)  On

January 11, 2023, Plaintiffs filed an Amended Complaint.  (*See* Notice of Removal 3; Am.

Compl.)

---

[1]  Plaintiffs seek damages and injunctive relief for alleged violations of California's Cartwright Antitrust Act and Unfair Competition Law ("UCL") by Visa, Mastercard, and ten major banks.  (*See* Am. Compl., annexed to Notice of Removal as Ex. C, Docket Entry No. 1-3.) On February 9, 2024, Defendants moved to dismiss the Complaint and to compel arbitration. (*See* Defs.' Mot. to Dismiss & to Compel Arbitration, Docket Entry No. 71.)  Oral argument on Defendants' motion is scheduled for May 6, 2024.  (*See* Order Granting Mot. to Adjourn Hr'g dated Apr. 5, 2024.)

On February 15, 2023, the Judicial Panel on Multidistrict Litigation transferred the case from the Northern District of California to the Eastern District of New York.  (*See* Transfer Order, Docket Entry No. 10.)  On the same date, the Visa Defendants answered the Complaint. (See Defs.' Answer to Am. Compl. ("Defs.' Answer"), Docket Entry No. 11.)  On January 17, 2024, Defendants sought a stay of discovery pending resolution of their then-forthcoming motion to dismiss and to compel arbitration.  (Defs.' Mot. for Stay of Discovery, Docket Entry No. 64.) On January 26, 2024, Judge Marutollo granted Defendants' motion to stay discovery.  (*See* Discovery Order.)

## II.  Discussion

### a.  Standard of review

A magistrate judge is authorized "to make findings as to non-dispositive pretrial matters, such as discovery matters, which may not be disturbed by a district judge absent a determination that such findings were 'clearly erroneous or contrary to law.'"  *United States v. Town of Oyster Bay*, No. 14-CV-2317, 2022 WL 4485154, at *2 (E.D.N.Y. Sept. 27, 2022) (quoting *Storms v. United States*, No. 13-CV-811, 2014 WL 3547016, at *4 (E.D.N.Y. July 16, 2014)); *see also Sampedro v. Silver Point Cap., L.P.*, 958 F.3d 140, 142 & n.1 (2d Cir. 2020) (affirming district court's application of "clear error" review to magistrate judge's discovery order).  An order is clearly erroneous if, based on all the evidence, a reviewing court "is left with the definite and firm conviction that a mistake has been committed."  *Ark. Tchr. Ret. Sys. v. Goldman Sachs Grp., Inc.*, 77 F.4th 74, 90 (2d Cir. 2023) (quoting *Atl. Specialty Ins. Co. v. Coastal Env't Grp. Inc.*, 945 F.3d 53, 63 (2d Cir. 2019)); *United States v. Dumitru*, 991 F.3d 427, 436 (2d Cir. 2021) (same) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)).  An order "is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."

*Galloway v. County of Nassau*, 589 F. Supp. 3d 271, 277 (E.D.N.Y. 2022) (citation and internal

quotation marks omitted) (quoting *Weiner v. McKeefery*, No. 11-CV-2254, 2014 WL 2048381,

at *3 (E.D.N.Y. May 19, 2014)).  Under this highly deferential standard, "magistrate judges are

afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that

discretion is abused."  *Almakalani v. McAleenan*, 527 F. Supp. 3d 205, 219 (E.D.N.Y. 2021)

(citing *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009)).  Therefore, "a

party seeking to overturn or modify a discovery order [by a magistrate judge] bears a heavy

burden."  *Macchia v. ADP, Inc.*, --- F. Supp. 3d ---, ---, 2024 WL 91398, at *3 (E.D.N.Y. Jan. 9,

2024); *In re Alpene, Ltd.*, No. 21-MC-2547, 2023 WL 5237336, at *4 (E.D.N.Y. Aug. 15, 2023)

(quoting *Wager v. G4S Secure Integration, LLC*, No. 19-CV-3547, 2021 WL 293076, at *2

(S.D.N.Y. Jan. 28, 2021)).  Where a party serves and files objections to a magistrate judge's

decision on "a pretrial matter not dispositive of a party's claim or defense" within fourteen days

of that decision, "[t]he district judge in the case must consider [those] timely objections" to the

magistrate judge's decision, "and modify or set aside any part of the order that is clearly

erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also United States v. Pilcher*, 950

F.3d 39, 44 (2d Cir. 2020) (noting that Fed. R. Civ. P. 72(a) "requires a district court to consider

a party's timely objections to a magistrate judge's order deciding a 'pretrial matter not

dispositive of a party's claim or defense' and to 'modify or set aside any part of the order that is

clearly erroneous or is contrary to law'" (quoting *Williams v. Beemiller, Inc.*, 527 F.3d 259, 264

(2d Cir. 2008))).

> **b.  The Court declines to modify or set aside Judge Marutollo's Discovery Order**

Plaintiffs argue that Judge Marutollo "overlooked and misapprehended" material points

of fact and law in granting Defendants' motion to stay discovery.  (Pls.' Objs. 1.)  Plaintiffs first

argue that Judge Marutollo erred in finding that Defendants had successfully shown that

Plaintiffs' claims were likely without merit.  (*See id.* at 2; Discovery Order 4–5.)  Next, Plaintiffs

argue that Defendants failed to "show [that] the Plaintiffs['] requested discovery created any

'annoyance, embarrassment, or undue expense.'"  (*Id.*)  Finally, Plaintiffs argue that they are

"substantially prejudiced" by Judge Marutollo's decision and that the decision "treats the

Defendants as an elite group who are not required, as other litigants are[,] to observe and follow

the rules of civil procedure."  (*Id.* at 3.)

Defendants argue that Judge Marutollo's decision was not "clearly erroneous" or

"contrary to law," and that the Court should therefore affirm the stay of discovery.  (Defs.' Resp.

4.)

"'[T]he power to stay proceedings is incidental to the power inherent in every court to

control the disposition of the cases on its docket with economy of time and effort for itself, for

counsel, and for litigants.'"  *Hewlett Packard Enter. Co. v. Aqua Sys., Inc.*, No. 23-CV-5640,

2024 WL 1159000, at *5 (E.D.N.Y. Mar. 18, 2024) (alteration in original) (quoting *Thomas v.

N.Y.C. Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010)).

"The filing of a dispositive motion in and of itself does not halt discovery obligations."  *Daly v.

Inc. Vill. of Port Jefferson*, No. 23-CV-9179, 2024 WL 730497, at *1 (E.D.N.Y. Feb. 21, 2024).

Stated differently, "a stay of discovery is not warranted, without more, by the mere pendency of

a dispositive motion."  *Id.* (citing *Weitzner v. Sciton, Inc.*, No. 05-CV-2533, 2006 WL 3827422,

at *1 (E.D.N.Y. Dec. 27, 2006)).  Rather, "the moving party must make a showing of 'good

cause' to warrant a stay of discovery."  *Hewlett Packard*, 2024 WL 1159000, at *5 (quoting

*Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)).

"Upon a showing of good cause, a district court has considerable discretion to stay discovery

pursuant to Rule 26(c)."  *Zou v. Han*, No. 23-CV-2370, 2024 WL 707285, at *5 (E.D.N.Y. Feb.

21, 2024) (quoting *Al Thani v. Hanke*, No. 20-CV-4765, 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021)).  In assessing good cause, courts look to "the particular circumstances and posture of each case."  *Amron v. 3M Minn. Mining & Mfg. Co.*, No. 23-CV-8959, 2024 WL 263010, at *2 (E.D.N.Y. Jan. 24, 2024) (quoting *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08-CV-2437, 2008 WL 11510668, at *2 (S.D.N.Y. June 11, 2008)).  When evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the [d]efendants ha[ve] made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay."  *Id*. (quoting *Chesney*, 236 F.R.D. at 115).  "Courts also may take into consideration the nature and complexity of the action, whether some or all of the [d]efendants have joined in the request for a stay, and the posture or stage of the litigation."  *Id*. (quoting *Chesney*, 236 F.R.D. at 115).

### i.   Defendants have made a strong showing that Plaintiffs' claims are likely without merit

Plaintiffs object to Judge Marutollo's finding that "Defendants do indeed 'raise substantial issues with regard to . . . all[] of the causes of action alleged in the complaint' which is sufficient to warrant a stay."  (Discovery Order 5 (quoting *Chesney*, 236 F.R.D. at 115); *see also* Pls.' Objs. 2.)  Plaintiffs argue that Judge Marutollo erred in finding that Plaintiffs' claims were likely without merit.  In particular, Plaintiffs object to Judge Marutollo's conclusion that the Court likely "lacks personal jurisdiction over Defendants PNC Bank, N.A., and PNC Financial Services ('PNC Defendants'), as they are not subject to general jurisdiction in California merely by operating there."  (Discovery Order 5; Pls.' Objs. 2.)  Plaintiffs contend that this argument lacks merit because "PNC did not file any declaration or certification whatsoever

that they did not avail themselves of the benefits of the United States, . . . and therefore, are subject to jurisdiction."  (Pls.' Objs. 2.)

Defendants argue that Plaintiffs' objection on this basis has been rendered moot because "the PNC defendants submitted a sworn declaration in support of their motion to dismiss for lack of personal jurisdiction," citing an affidavit filed the same day that Judge Marutollo issued the order staying discovery.  (Defs.' Resp. 5; *see also* Aff. of Regis Ramos in Supp. of PNC Defs.' Mot. to Dismiss, Docket Entry No. 74.)

The party "seeking a stay must present substantial arguments for dismissal."  *Sharma v. Open Door NY Home Care Servs., Inc.*, --- F.R.D. ---, ---, 2024 WL 1269069, at *3 (E.D.N.Y. Mar. 26, 2024) (quoting *O'Sullivan v. Deutsche Bank AG*, No. 17-CV-8709, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018)).  "When determining if a defendant has shown that a plaintiff's claims are likely unmeritorious, courts have looked to whether the complaint is facially without merit or whether the plaintiff has been unable to cite relevant authority in response to a defendant's challenge."  *Nielsen Co. (US) LLC v. TVSquared LTD*, No. 23-CV-1581, 2023 WL 4363005, at *1 (S.D.N.Y. July 6, 2023) (first citing *HAHA Glob., Inc. v. Barclays*, No. 19-CV-4749, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020); and then citing *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 678 (S.D.N.Y. 2018)); *see also Cohen v. Saraya USA, Inc.*, No. 23-CV-8079, 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024) (finding that "[t]he arguments [the defendant] sets forth appear, at least on their face, to make a strong showing that [the plaintiff] has not adequately alleged a violation of Sections 349 and 350 of [N.Y. General Business Law], that [the plaintiff] lacks standing to seek injunctive relief, and her claims are nevertheless preempted by federal law").  "Where . . . defendants have presented substantial arguments for dismissal of many, if not all, of the claims asserted in the lawsuit, a stay of

discovery is appropriate." *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Showtime on the Piers LLC*, No. 19-CV-7755, 2019 WL 6912282, at *2 (S.D.N.Y. Dec. 19, 2019) (citation omitted).

In his decision, Judge Marutollo noted Defendants' arguments that (1) Plaintiffs lack antitrust standing to assert claims under the Cartwright Act, (2) Plaintiffs fail the "efficient enforcers" test, (3) the Court lacks personal jurisdiction over the PNC Defendants, (4) multiple arbitration agreements between Plaintiffs and some Bank Defendants[2] will narrow the scope of claims in this action, and finally, (5) Plaintiffs are estopped from avoiding their arbitration agreements and applicable waivers by bringing class claims against purported co-conspirators of the Bank Defendants with whom they have arbitration agreements.  (Discovery Order 4–5.) Evaluating these arguments, Judge Marutollo found that the first factor favors Defendants.  (*See* Discovery Order 5 ("Defendants do indeed 'raise substantial issues with regard to . . . all[] of the causes of action alleged in the complaint' which is sufficient to warrant a stay.").)  The Court finds no clear error with respect to Judge Marutollo's conclusion that the first factor favors Defendants.  *Cf. K.A. v. City of New York*, No. 16-CV-4936, 2022 WL 3996710, at *2 (S.D.N.Y. Sept. 1, 2022) (affirming denial of stay of discovery where the magistrate judge "did not commit clear error in concluding, based on a preliminary review of the motion to dismiss briefing, that [the defendant]'s motion did not make a strong showing that [the plaintiffs'] claims [were] unmeritorious").

_____

[2]  The Bank Defendants consist of JPMorgan Chase & Co.; JPMorgan Chase Bank N.A.; Bank of America Corporation; Bank of America, National Association; Bank of America N.A.; Wells Fargo & Company; Wells Fargo Bank N.A.; Citigroup Inc.; Citibank N.A.; Citibank, N.A. (National Association); U.S. Bancorp; US Bancorp; U.S Bank National Association; PNC Financial Services Group, Inc.; PNC; PNC Bank National Association; Capital One Financial Corporation; Capital One F.S.B.; Capital One Bank (USA), National Association; Capital One, National Association; and Bank of the West.

ii.   **The breadth of discovery would pose a significant burden on Defendants**

Plaintiffs argue that Defendants failed to "show [that] the Plaintiffs['] requested discovery created any 'annoyance, embarrassment, or undue expense.'" (Pls.' Objs. 2.) Plaintiffs appear to argue that Rule 26(c) requires Defendants to make such a showing by way of a "declaration . . . submitted [to] the Court by the Defendants claiming . . . ['] annoyance, embarrassment, oppression, or undue burden or expense.'" (*Id.*) They argue that, absent such a declaration, Defendants are unable to demonstrate that the requested discovery would pose a significant burden. (*Id.*)

Defendants argue that "[P]laintiffs misread Rule 26(c) to require that [D]efendants submit a 'declaration' to demonstrate 'annoyance, embarrassment, oppression, or undue burden or expense,' when the Rule requires no such thing," and further note that "[P]laintiffs cite no case law interpreting Rule 26 in that manner." (Defs.' Resp. 5.) In addition, Defendants contend that Judge Marutollo correctly found that, absent a stay, Defendants would be "forced to respond to [P]laintiffs' overbroad and unduly burdensome discovery requests, which apparently include depositions of [D]efendants' 'chief officers' and 'executive officers.'" (*Id.* at 3.) Defendants assert that Plaintiffs' objections "raise[] no challenge to the self-evident conclusion that deposing the senior executives of some of the largest financial institutions in the world — and the two largest payment networks in the world — would impose a 'significant burden.'" (*Id.*)

The "breadth of discovery and the burden of responding to it" is another factor courts may consider when evaluating a motion to stay discovery. *Amron*, 2024 WL 263010, at *2 (quoting *Chesney*, 236 F.R.D. at 115). "[G]eneral and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 48 (E.D.N.Y.

2018) (quoting *Lindsey v. Butler*, No. 11-CV-9102, 2017 WL 4157362, at *3 (S.D.N.Y. Sept. 18, 2017)).  In addition, "[c]ourts often consider whether discovery would 'reach such a wide-breadth that good cause for a stay exists.'"  *Nielsen*, 2023 WL 4363005, at *2 (quoting *Guiffre v. Maxwell*, No. 15-CV-7433, 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016)).

As to Plaintiffs' reading of Rule 26(c), there is no requirement that a defendant submit a "declaration" to show that discovery would pose a significant burden.  *See, e.g.*, *Hewlett Packard*, 2024 WL 1159000, at *9 (finding that, based on the representations of the parties, "[t]he breadth of discovery here, as presented by [the defendant], favors a stay because the parties could avoid substantial burden and waste of resources by staying discovery until the motion to dismiss has been decided"); *Cota v. Art Brand Studios, LLC*, No. 21-CV-1519, 2022 WL 767110, at *1 (S.D.N.Y. Mar. 14, 2022) (finding that, without a declaration by the defendant, a stay was merited where the plaintiffs "served extremely broad requests for documents in a related arbitration . . . and they d[id] not dispute that they w[ould] seek similarly broad discovery in this case").

In addition, Judge Marutollo did not err in his determination that the "requested discovery would be significant, especially the depositions of Defendants' senior executives."  (Discovery Order 5.)  Judge Marutollo noted that Plaintiffs' broad requests included "'depositions of the CEOs, Chairmen, and persons most knowledgeable first from V[isa]; and then from the [B]ank [D]efendants and Mastercard as to [D]efendants' Interchange Fee policies together with their respective contracts and practices related thereto over the four years pr[ior] to the filing of . . . [P]laintiffs' Complaint,' as well as '[s]tatistics related to the Interchange Fees.'"  (*Id.* (sixth alteration in original) (quoting Pls.' Letter dated Jan. 24, 2024, Docket Entry No. 66).)  The Court finds that Judge Marutollo did not commit clear error in concluding that the breadth of

discovery would pose a significant burden on Defendants.  *Cf. K.A.*, 2022 WL 3996710, at *2 (affirming denial of stay of discovery because "two factors — the breadth of discovery and risk of prejudice — weigh against a stay of discovery").

### iii.   A stay of discovery would not prejudice Plaintiffs

Plaintiffs argue that they are "substantially prejudiced" by Judge Marutollo's decision and that the decision "treats the Defendants as an elite group who are not required, as other litigants are[,] to observe and follow the rules of civil procedure."  (Pls.' Objs. 3.)

Defendants argue that, consistent with Judge Marutollo's decision, "a delay in discovery" would "not amount to unfair prejudice."  (Defs.' Resp. 3 (quoting *Gross v. Madison Square Garden Ent. Corp.*, No. 23-CV-3380, 2023 WL 6815052, at *2 (S.D.N.Y. Oct. 17, 2023).)  Defendants also argue that Plaintiffs have not articulated any compelling reason why discovery needs to be produced while the motion to dismiss and to compel arbitration is pending, and further argue that, while there has been significant motion practice in this case, this case is still in its early stages.  (*Id*.)

The last factor considered by courts weighing a stay of discovery is the risk of unfair prejudice to the opposing party.  *Amron*, 2024 WL 263010, at *2; *see also K.A.*, 2022 WL 3996710, at *2 (concluding that magistrate judge's decision to "deny[] a stay was appropriate because the remaining two factors — the breadth of discovery and risk of prejudice — weigh[ed] against a stay of discovery"); *Kaplan v. Lebanese Canadian Bank*, 610 F. Supp. 3d 533, 535 (S.D.N.Y. 2022) (finding a continued stay of discovery would prejudice the plaintiffs "given the age of these cases").

In assessing prejudice, Judge Marutollo found that delaying discovery would not prejudice Plaintiffs given: (1) the timetable for Defendants' anticipated motion at the time;

(2) the proposed briefing schedule which established that briefing would be complete in two months; and (3) that the case was still in its early stages.  (Discovery Order 6.)  Judge Marutollo did not commit clear error in concluding that Plaintiffs failed to establish that any delay in discovery would prejudice Plaintiffs.  *See Sharma*, 2024 WL 1269069, at *4 (finding stay of discovery was warranted because the plaintiff would "suffer little prejudice as a result of a stay" and finding that "while there has already been significant motion practice in this case — all of which has been advanced by [the plaintiff] — this case is still in its early stages" (citing *Cohen*, 2024 WL 198405, at *3)); *see also Cohen*, 2024 WL 198405, at *3 (granting a motion to stay discovery and noting that "this case is still in its early stages — a discovery schedule has not been set, discovery has not occurred, and depositions have not been taken").

### III.  Conclusion

For the foregoing reasons, the Court affirms Judge Marutollo's Discovery Order and affirms Judge Marutollo's decision to stay discovery pending Defendants' motion to dismiss and to compel arbitration.

Dated: April 18, 2024
    Brooklyn, New York

SO ORDERED:

    s/ MKB
    MARGO K. BRODIE
    United States District Judge