UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN PALLADINO, GARIB KARAPETYAN, STEVE PALLADINO, AND JOHN NYPL, Individual Plaintiffs and on behalf of all those similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE & CO., JPMORGAN CHASE BANK N.A., BANK OF AMERICA CORPORATION, BANK OF AMERICA, NATIONAL ASSOCIATION, BANK OF AMERICA N.A., WELLS FARGO & COMPANY, WELLS FARGO BANK N.A., CITIGROUP INC, CITIBANK N.A., CITIBANK N.A. (NATIONAL ASSOCIATION), U.S. BANCORP, US BANCORP, U.S BANK NATIONAL ASSOCIATION, PNC FINANCIAL SERVICES GROUP, INC., PNC, PNC BANK NATIONAL ASSOCIATION, CAPITAL ONE F.S.B., CAPITAL ONE FINANCIAL CORPORATION, CAPITAL ONE BANK (USA), NATIONAL ASSOCIATION, CAPITAL ONE, NATIONAL ASSOCIATION, BANK OF THE WEST, VISA INC., VISA U.S.A. INC., VISA INTERNATIONAL SERVICE ASSOCIATION, MASTERCARD INCORPORATED, and MASTERCARD,<br><br>Defendants. | CASE NUMBER:<br><br>23-CV-1215 (MKB) (JAM)<br><br><br>NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER OF 12-30-2024; REQUEST FOR LEAVE TO AMEND; REQUEST FOR JURISDICTIONAL DISCOVERY AS TO PNC; AND REQUEST FOR ORAL ARGUMENT |

Plaintiffs' Motion for Reconsideration of Order of Dismissal December 30, 2024

Table of Contents

Table of Contents ................................................................................................ 2

Table of Authorities ............................................................................................ 3

I.     Introduction ................................................................................................ 4

II.    Preliminary Statement .............................................................................. 4

III.   Controlling Facts Alleged ...................... Error! Bookmark not defined.

IV.    The Findings of the Court ...................... Error! Bookmark not defined.

V.     Federal and State Antitrust Law Favor Consumer Enforcement Laws Prohibiting Price Fixing. ........... Error! Bookmark not defined.

VI.    *AGC* and the Efficient Enforcer Finding ........................................... 5

VII.   The *Associated General Contractors v. Carpenters* Case .............. 7

VIII.  The Market and the *Salveson* Case .................................................... 7

IX.    Request for Leave to Amend ................................................................ 9

X.     Conclusion ................................................................................................ 10

XI.    FRCP Rule 4 Request for Oral Argument ....................................... 10

Plaintiffs' Motion for Reconsideration of Order of Dismissal December 30, 2024

**Table of Authorities**

**Cases**

*Ashcroft v. Iqbal* 556 U.S. 662 (2009) ................................................................ 8

*Associated General Contractors v. Carpenters* 459 U.S. 519 (1983) ............ 7, 10

*Bell Atlantic Corp. v. Twombly* 544 U.S. 207 (2004) ......................................... 8

*Illinois Brick Co. v. Illinois, 431 U.S. 720 (1977)*................................................ 7

*In Re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation,* Second Consolidated Amended Class Action Complaint, Case 1:05-md-01720-JG-JO, Document 1153 Filed 02/20/09 ................................. 6

*Reiter v. Sonotone* 442 U.S. 330 (1979).............................................................. 7

Plaintiffs' Motion for Reconsideration of Order of Dismissal December 30, 2024

I.   Introduction

Plaintiffs by this motion seek reconsideration of the Order dismissing Plaintiffs' First Amended Complaint (FAC) under FRCP Rule 12(b)(6) entered on December 30, 2024. ("Order") They also seek leave to amend their First Amended Complaint to conform to the deficiencies concluded by the court to exist therein.  It is apparent from the Court's opinion that controlling factual elements of Plaintiffs' action herein have been misapprehended or misunderstood by the Court.  Plaintiffs seek reconsideration pursuant to arguments set out below.

II.   Preliminary Statement

The plaintiffs respectfully move the Court for reconsideration of its order of December 30, 2024, for leave to amend, for oral argument and for jurisdictional discovery on the ground that, in the opinion of the plaintiffs, the Court overlooked and misapprehended material points of fact and law and that an exceptional question is presented, substantially affecting the enforcement of antitrust case law.

1. Every combination and conspiracy must be judged as a whole without tightly compartmentalizing the various factual components and wiping the slate clean after the scrutiny of each….the character and effect of a conspiracy are not be viewed by dismembering it and viewing its separate parts, but only by looking at it as a whole. *Continental Ore v. Union Carbide*, 370 US 690 (1962)]

2. As Visa admitted in its Answer to this complaint at #104, every transaction involved the cardholder, the cardholder's bank, the merchant and the merchant's bank.  [Docket #11, pg 19, #104]

3. Because the merchants are co-conspirators with the banks and the networks, the payment by the cardholder of the illegal fee is injury in fact, the cardholder paying more than would otherwise be paid in absence of the unlawful agreement.

4

4. This Court has personal jurisdiction over PNC because PNC can be found and does business in the United States. [Section 12, Clayton Antitrust Act]  At a minimum, discovery should be granted under Rule 1 of Federal Rules of Civil Procedure.

5. The antitrust laws were designed to protect the consumer, in this case the cardholder. [Reiter v. Sonotone.]

6. Oral argument should be granted as a Constitutional right because the defendant's motion is dispositive and, under the 5th amendment to the Constitution requiring due process of law which has been consistently interpreted as a hearing, not a writing. [FRCP, Rule 12(d)]

**anticompetitive conduct, she has alleged an injury in her "property" under §4." 442 U.S. 330, 342.** (Emphasis Added.)

### III.   *AGC* and the Efficient Enforcer Finding

It is helpful to reiterate Plaintiffs' seminal allegation that the networks, the banks and their *merchant clients* have combined and conspired to fix the price of interchange fees, and to pass the inflated fee on to the cardholder/consumer in the overpriced products and services purchased by cardholders from California's merchants, and divide the *cardholders'* money among themselves.  The merchants with whom the Plaintiffs deal directly on a daily basis are active, ongoing and indispensable players and participants in the retail products market impacted by the ongoing conspiracy. Plaintiffs participate in the market literally every day as they tender their credit cards to conspiring merchants as payment for goods priced by these very merchants, higher than would have been the case absent the conspiracy. This fact is oft alleged and must be accepted as true for our purposes here. *Bell Atlantic Corp. v. Twombly* 544 U.S. 207 (2004), *Ashcroft v. Iqbal* 556 U.S. 662 (2009).

5

The legal effect of these facts on the "efficient enforcer" requirement enunciated by the Court is determinative of the outcome in this case. Yet the claim is simply not addressed in the Order. Plaintiffs believe it is dispositive. Plaintiffs do in fact deal directly in the market impacted by the conspiracy. Absent their direct and regular participation in the affected market, regardless how it is defined, there would be no conspiracy in the market impacted because there would be no money for the conspirators to divide.

The precise nature and operation of the market in which the conspiracy was hatched is unclear as the court acknowledges. See Order at p 29-30 Note 10. The relevant market(s) related to this action are vast and complex. If granted leave to amend, Plaintiffs will provide a more concise relevant market definition. But absent that, the fact remains that regardless of the market definition ascribed, there is no doubt that Plaintiffs participated in it with every purchase made and card balance tendered.

And again, the question whether this allegation satisfies the requirement that Plaintiff must deal directly with the market impacted by the conspiracy is simply not addressed by the Court.

Plaintiffs allege as damage that the price(s) of the products they purchase have been inflated as the result of co-conspirator merchants' agreements with their banks to increase their retail selling prices by amounts at least equal to interchange fees they incurred as the cost of processing debit/credit card payments. (See FAC ¶9, 202-205) Banks never disclose to cardholders the fact that they are paying a two to

three percent interchange 'tax" on every dollar they spend using their credit cards. Merchants promote this vile conduct as part of their participation in the conspiracy.

IV. The *Associated General Contractors v. Carpenters* Case

The Court in its Order acknowledges and accepts Plaintiffs' allegations of the price-fixing conspiracy as alleged in the Complaint. "As well it accepts that a cause of action has been stated under the Cartwright Act." See Order at page 27-28. However, the Court holds that in order to demonstrate Plaintiffs' antitrust standing under California Cartwright Act Plaintiffs must also allege their participation in the market negatively impacted by the conspiracy. *Id.* As will be shown below, Plaintiffs believe they adequately and affirmatively alleged such market participation. Moreover, if the Court does not agree Plaintiffs here seek leave to amend their Complaint in order to do so.

V. The Market and the *Salveson* Case

The Court acknowledges that the conduct of Defendants as alleged is illegal and that it proximately caused damage to the Plaintiffs in the form of inflated product prices. Order at 27 citing FAC ¶87. Price fixing is a per se violation of the Cartwright Act. If two merchants enter an agreement to fix the prices upon products charged to a consumer, they have violated the law. No relevant market need be pled nor proven. Here the Court has accepted the allegation that price fixing has occurred to the direct and proximate damage to the Plaintiffs, yet Plaintiffs cannot pursue their claims because the relevant market in which the conspiracy occurred has in the Court's view, not been adequately pled. (Leave to

7

Plaintiffs' Motion for Reconsideration of Order of Dismissal December 30, 2024

amend as requested herein will enable Plaintiffs to remedy this perceived pleading shortfall.)

The court concludes that Plaintiffs must allege facts showing that they are "efficient enforcers" as defined by *AGC* and *Knevelbaard Dairies v. Kraft Foods Inc*. 232 F.3d 979 (9th Cir 2000). Although in Court's opinion they have alleged three of the four efficient enforcer elements required by *Knevelbaard* and *AGC*, this market participation omission is fatal to their antitrust claim herein. See Order at 28-29.

In order to satisfy the Court that Plaintiffs are efficient enforcers of their claims, they must *allege* participation in the market in which the conspiracy was hatched and in which competition has been restrained. Plaintiffs believe it to be obvious that such participation by Plaintiffs occurred and is ongoing on a daily basis. The court finds to the contrary. It places reliance upon *Salveson v. J.P. Morgan Chase Corp.* 166 F. Supp. 3d 242, 264 (E.D.N.Y. 2016), aff'd, 663 F. Apex 71 (2d Cir. 2016) ("*Salveson III*"), finding that the market described in this FAC is different from the market in which the illegal conduct occurred. The Court holds: "Plaintiffs fail; to establish antitrust injury as either indirect or direct purchasers because they do not allege cardholder participation in the market where the anticompetitive conduct occurred." Order at p 29.

Plaintiffs allege that *all products and services* purchased with credit cards in California are artificially inflated. Moreover, they allege that the seller of these overpriced products is a participating member of the alleged conspiracy that created the overcharge. The fixed interchange fees are assessed upon the total amount

8

Plaintiffs' Motion for Reconsideration of Order of Dismissal December 30, 2024

tendered by the Plaintiff at the point of sale.  Plaintiffs claim in this case that the merchants participate directly, albeit reluctantly, in the conspiracy, which has at its core the purpose and intention to acquire money from the consumer, not the merchant. The First Amended Complaint describes the market environment in which the conspiracy exists. The General Purpose Card Network Services Market in which Plaintiffs participate is two sided: Cardholders and issuing Banks on the one side; merchants and acquiring banks on the other. The only product sold in this two-sided market is the transaction, which necessarily involves merchants and cardholders. The antitrust injury alleged is the transaction price inflated by the conspiracy. FAC ¶99-105.

## VI. Request for Leave to Amend

The Relevant Market alleged in the FAC is *General Purpose Card Network Services*, and the Transaction is the Only Product Sold. See FAC ¶100.  Plaintiffs seek leave to amend to allege Plaintiffs' direct ongoing participation in this relevant market.  This market is directly impacted by the conspiracy.  Plaintiffs interact on a regular basis with both merchants (co-conspirators) and Plaintiffs' issuing banks (defendants) when they purchase products on their cards and pay their credit/debit bills.

The Court in its Order suggests that the relevant market allegations in the FAC are less than clearly defined such that the Court was not able to discern the specifics of the markets in issue.  See Order at p 29-30 Note 10. Based presumably on the Court's understanding of the credit card marketplace alleged, the relevant

9

market described in the Salveson case was adopted. The relevant market described there did not contemplate the nature of the conspiracy alleged in this action. Plaintiffs seek to revisit the relevant market issue in order to clarify their own relevant market allegations in accordance with the views set out by the Court in this Order, or for that matter, any revised Order that may be forthcoming.

Also, to the extent the merchant co-conspirator claims may be less than specific as to their importance to the claims alleged in the FAC, Plaintiffs seek leave to amend their FAC herein.

Plaintiffs respectfully request leave to amend if the Court decides to enter the Order issued herein.

**VII. Conclusion**

The controlling issue in the Motion to Dismiss is whether the Plaintiffs participated in the relevant market impacted by the conspiracy. Plaintiffs believe that allegation of participation is contained in ¶100 of the FAC. Leave to amend is requested to clarify Plaintiff participation in that market together with facts relevant thereto.

In addition, the Court has not directly addressed the Plaintiffs' merchant co-conspirator allegation to the extent it affects the Court's conclusion that plaintiffs don't participate in the price-fixed market. Leave to amend will enable Plaintiffs to address this important allegation in the FAC.

**VII. FRCP Rule 4 Request for Oral Argument**

10

Plaintiffs' Motion for Reconsideration of Order of Dismissal December 30, 2024

This motion for reconsideration is in response to a potentially dispositive ruling from the Court herein. Plaintiffs have a constitutional right to be "heard." They respectfully request oral argument on this motion at a time convenient to the Court.

Dated:  January 13, 2025         /s/  *Joseph M. Alioto*
                                                                            ALIOTO LAW FIRM
                                                                            Joseph M. Alioto
                                                                            Attorneys for Plaintiffs

**PLAINTIFFS' COUNSEL**

*Joseph M. Alioto (CSBN 42680)
Tatiana V. Wallace (CSBN 233939)
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, California 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
Email: josephmalioto@aliotolaw.com
Email: twallace@aliotolaw.com

Jeffery K. Perkins (CSBN 57996)
1550-G Tiburon Boulevard, #344
Tiburon, California 94920
Telephone: (415) 302-1115;
Email: jefferykperkins@aol.com

Joseph M. Alioto Jr. (CSBN 215544)
ALIOTO LEGAL
One Sansome St., 35th Floor
San Francisco, CA 94104
Telephone: (415) 398-3800
Email: joseph@aliotolegal.com

Lawrence G. Papale (CSBN 67068)
LAW OFFICES OF LAWRENCE G. PAPALE
The Cornerstone Building
1308 Main Street, Suite 117
St. Helena, CA 94574
Telephone: (707) 963-1704
Email: lapapale@papalelaw.com

Theresa Moore (CSBN 99978)
LAW OFFICES OF THERESA D. MOORE
One Sansome Street, 35th Floor
San Francisco, CA 94104
Phone: (415) 613-1414
Email: tmoore@aliotolaw.com

Plaintiffs' Motion for Reconsideration of Order of Dismissal December 30, 2024

## PLAINTIFFS' COUNSEL

Christopher A Nedeau (SBN 81297)
NEDEAU LAW PC
154 Baker Street
San Francisco, CA 94117-2111
Telephone: (415) 516-4010
Email: cnedeau@nedeaulaw.net

Plaintiffs' Motion for Reconsideration of Order of Dismissal December 30, 2024