UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :

IN RE PAYMENT CARD                :  Case No. 1:05-md-1720-MKB-JAM
INTERCHANGE FEE AND MERCHANT  :
DISCOUNT ANTITRUST LITIGATION    :
                                              :
This Document Applies to:                :
                                              :
*Palladino, et al. v. JPMorgan Chase & Co., et al.*,  :
Case No. 1:23-cv-1215-MKB-JAM        :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER OF 12-30-2024; REQUEST FOR LEAVE TO AMEND; REQUEST FOR JURISDICTIONAL DISCOVERY AS TO PNC; AND REQUEST FOR ORAL ARGUMENT**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

BACKGROUND .......................................................................................................................2

ARGUMENT .............................................................................................................................4

I.      PLAINTIFFS' MOTION FOR RECONSIDERATION SHOULD BE
DENIED...........................................................................................................................5

    A.     The Court properly concluded that cardholders do not have
antitrust standing as direct or indirect purchasers.........................................5

    B.     There is no clear error in the holding that claims against PNC
should be dismissed for lack of personal jurisdiction. ..................................8

II.     LEAVE TO AMEND SHOULD NOT BE GRANTED..........................................9

CONCLUSION......................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519 (1983) ..................................................................................................2

*Bakay v. Apple Inc.*,
No. 24-cv-00476-RS, 2024 WL 3381034 (N.D. Cal. July 11, 2024), *appeal docketed*, No. 24-5314 (9th Cir. Aug. 30, 2024) ...................................................................7

*Continental Ore Co. v. Union Carbide & Carbon Corp.*,
370 U.S. 690 (1962) ..................................................................................................................7

*Farricker v. Penson Development, Inc.*,
513 F. App'x 46 (2d Cir. 2013) ...............................................................................................11

*Gem FinancialService, Inc. v. City of New York*,
No. 13-CV-1686 (MKB), 2015 WL 1475853 (E.D.N.Y. Mar. 31, 2015) ...........................7

*Great American Insurance Co. v. Zelik*,
439 F. Supp. 3d 284 (S.D.N.Y. 2020) ....................................................................................4

*Hawkins v. Coca-Cola Co.*,
654 F. Supp. 3d 290 (S.D.N.Y. 2023) ..................................................................................10

*Henderson v. City of New York*,
No. 05-CV-2588 (FB)(CLP), 2011 WL 5513228 (E.D.N.Y Nov. 10, 2011) ......................7

*Herschaft v. New York City Campaign Finance Board*,
139 F. Supp. 2d 282 (E.D.N.Y. 2001), *aff'd*, 10 F. App'x 21 (2d Cir. 2001) ......................4

*Kinsella v. Bureau of Ocean Energy Management*,
No. 23-CV-2915-FB-ST, 2024 WL 5168944 (E.D.N.Y. Dec. 19, 2024) ............................4

*Knipe v. Skinner*,
999 F.2d 708 (2d Cir. 1993) ...................................................................................................11

*Kolling v. Dow Jones & Co.*,
187 Cal. Rptr. 797 (Ct. App. 1982) .........................................................................................3

*Leonardo v. Wells Fargo Bank, N.A.*,
No. 21-CV-04949 (OEM) (JMW), 2024 WL 4344849 (E.D.N.Y. Sept. 30, 2024), *appeal docketed*, No. 24-2697 (2nd Cir. Oct. 9, 2024) ........................................................9

*Lichtenber v. Besicorp Group Inc.*,
    28 F. App'x 73 (2d Cir. 2002) ..................................................................................................7

*Liu v. Chau*,
    No. 20-CV-6369, 2022 WL 2274721 (E.D.N.Y. June 23, 2022) .........................................4

*Metzler Invesment Gmbh v. Chipotle Mexican Grill, Inc.*,
    970 F.3d 133 (2d Cir. 2020)..................................................................................................4

*MSP Recovery Claims, Series LLC v. Hereford Insurance Co.*,
    66 F.4th 77 (2d Cir. 2023) ....................................................................................................5

*PAB Aviation, Inc. v. United States*,
    No. 98-CV-5952 JG, 2000 WL 1240196 (E.D.N.Y. Aug. 24, 2000), *aff'd*, 169 F.
    App'x 61 (2d Cir. 2006).......................................................................................................4

*PhantomALERT v. Apple, Inc.*,
    No. 1:24-cv-00786 (TNM), 2025 WL 71888 (D.D.C. Jan. 10, 2025) ................................7

*Reiter v. Sonotone Corp.*,
    442 U.S. 330 (1979)..............................................................................................................8

*Salveson v. JPMorgan Chase & Co.*, 14-CV-3529 (JG), 2014 WL 12770235 (E.D.N.Y.
    Nov. 26, 2014), *on reconsideration in part*, 166 F. Supp. 3d 242 (E.D.N.Y. 2016)
    (Brodie, J.), *aff'd*, 663 F. App'x 71 (2d Cir. 2016)........................................................1, 10

*Salveson v. JPMorgan Chase & Co.*,
    166 F. Supp. 3d 242 (E.D.N.Y. 2016), *aff'd*, 663 F. App'x 71 (2d Cir. 2016)....................4

*In re Tribune Co. Fraudulent Conveyance Litigation*,
    10 F.4th 147 (2d Cir. 2021) ..................................................................................................5

*In re Vitamin C Antitrust Litigation*,
    Nos. 06–MD–1738 (BMC)(JO), 05–CV–453 (BMC)(JO), 06–CV–988 (BMC)
    (JO), 06–CV–987 (BMC)(JO), 06–CV–149 (BMC)(JO), 2012 WL 2930109
    (E.D.N.Y. July 18, 2012) .....................................................................................................8

*Zirogiannis v. Seterus, Inc.*,
    221 F. Supp. 3d 292 (E.D.N.Y. 2016), *aff'd*, 707 F. App'x 724 (2d Cir. 2017)................11

**RULES**

E.D.N.Y. L.R. 15.1 ............................................................................................................................5

Defendants respectfully submit this memorandum of law in opposition to plaintiffs' "Amended Motion for Reconsideration of this Court's Order of 12-30-2024; Request for Leave to Amend; Request for Jurisdictional Discovery as to PNC; and Request for Oral Argument" (ECF No. 99) ("Motion").

## PRELIMINARY STATEMENT

Plaintiffs do not come close to meeting the standard for reconsideration of this Court's December 30, 2024, Memorandum and Order dismissing their claims (ECF No. 97, the "Order"). They identify no change in controlling law or new evidence, nor any matter this Court overlooked. Instead, plaintiffs restate the same arguments this Court has already considered and rejected. Indeed, plaintiffs' theory of antitrust standing has been repeatedly rejected by this Court and the Second Circuit for the past decade. *See Salveson v. JPMorgan Chase & Co.*, 2014 WL 12770235, at *3 (E.D.N.Y. Nov. 26, 2014), *on reconsideration in part*, 166 F. Supp. 3d 242 (E.D.N.Y. 2016) (Brodie, J.), *aff'd*, 663 F. App'x 71 (2d Cir. 2016). Plaintiffs nevertheless insist they can wipe the slate clean and survive dismissal by pleading the legal conclusion that merchants are "co-conspirators" with defendant networks and banks in "[a] conspiracy to fix the price of interchange fees." (Motion at 5.) Even if this legal conclusion were properly pleaded—and it is not—it supplies no basis for a motion for reconsideration because the Court already considered and rejected this argument, both in Magistrate Judge Marutollo's report and recommendation and in the Order.

For similar reasons, the Court should deny plaintiffs' request for leave to further amend their amended complaint. Not only do plaintiffs flout the requirement to submit a draft of their proposed new pleading, but their vague promise to further amend their complaint to make "clear" that merchants are co-conspirators in no way cures their lack of antitrust standing.

Finally, plaintiffs have identified no clear error in this Court's holding that PNC should be dismissed for lack of personal jurisdiction. Thus, the Motion should be denied in its entirety.

## BACKGROUND

Plaintiffs brought this action on behalf of a putative class of California citizens who are Visa and Mastercard cardholders, alleging that defendants conspired to fix at supracompetitive levels interchange fees—"a transfer of value between the financial institutions participating in" the payment card networks. (FAC ¶ 127 (quoting Visa Rules).) Plaintiffs allege this conduct violated California's Cartwright Act, Cal. Bus. & Prof. Code § 16700, and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL"). Plaintiffs amended their complaint in January 2023 (ECF No. 1-3), and defendants moved to dismiss the amended complaint under Rules 12(b) and 12(c). (ECF No. 71.)

On July 31, 2024, Judge Marutollo recommended, in relevant part, that the Court (i) grant defendants' motion to dismiss plaintiffs' Cartwright Act and UCL claims, and (ii) grant PNC's motion to dismiss for lack of personal jurisdiction. (Order at 4.) Plaintiffs objected.

This Court's Order reviewed the challenged portions of the report and recommendation de novo and granted defendants' motions to dismiss. This Court held that plaintiffs lack antitrust standing, *see Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519 (1983) ("*AGC*"), as the Cartwright Act requires. (Order at 12-24.) In particular, plaintiffs failed to allege cardholder participation in the relevant card-acceptance services market, where alleged anticompetitive conduct occurs. (*Id.* at 25-33.) As the Order explained, plaintiffs allege that the general purpose card network services market is "a separate market from the market where cardholders engage in transactions." (*Id.* at 30.) Accordingly, because the cardholder plaintiffs participate only "in a related market," and plaintiffs' allegations

2

could not establish that they are consumers or competitors in the relevant general purpose card network services market, they cannot satisfy California's "market participant rule" articulated in *Kolling v. Dow Jones & Co.*, 187 Cal. Rptr. 797, 807 (Ct. App. 1982). (Order at 30.) Having identified a dispositive failure to plead a Cartwright Act claim, this Court declined to consider whether plaintiffs satisfy other elements of antitrust standing. (*Id.* at 26, n.9.)

Accepting plaintiffs' concession that their UCL claims "stand or fall with the outcome of the Cartwright Act claims" (Pls.' Objs. to R&R, ECF No. 93 at 3), the Court also dismissed plaintiffs' UCL claims. (*See* Order at 33.)

Additionally, finding no clear error, this Court adopted unopposed portions of Judge Marutollo's report and recommendation, including his recommendations that the Court (i) grant PNC's motion to dismiss for lack of personal jurisdiction, and (ii) deny plaintiffs' request for jurisdictional discovery. (*See* Order at 11.)

On January 13, 2025, plaintiffs sought "Reconsideration of this Court's Order of December 30, 2024, Request for Jurisdictional Discovery and Request for an Oral Argument," and on January 14, 2025, plaintiffs filed the amended Motion pursuant to Local Civil Rule 6.3 and Rule 59 of the Federal Rules of Civil Procedure. (Dkt. 99-1.) Plaintiffs identified six "legal and factual contentions [that] are the subject of the request for reconsideration": (i) "[p]laintiffs allege participation in the relevant market in which these transactions are made"; (ii) "[b]ecause the merchants are co-conspirators with the banks and the networks, the payment by the cardholder of the illegal fee is injury in fact"; (iii) "[t]he Court erred in its conclusion that there are two markets in play in the transactions at issue when in fact and as a matter of law there is only one"; (iv) "[t]he antitrust laws were designed to protect the consumer, in this case the cardholder"; (v) "[t]his Court has personal jurisdiction over PNC because PNC can be found and does business in the United

3

States" and "[a]t a minimum, discovery should be granted under Rule 1 of Federal Rules of Civil Procedure"; and (vi) "[o]ral argument should be granted as a Constitutional right because the defendant's motion is dispositive and, under the 5th Amendment to the U.S. Constitution due process of law has been consistently interpreted as a 'hearing,' not a 'writing.'" (Motion at 4-5.)

Plaintiffs also seek leave to further amend their complaint. Although plaintiffs assert that the "perceived shortcoming" of their pleadings "can most surely be remedied" by amendment (*see* Motion at 13), they failed to submit the requisite proposed amended complaint.

## **ARGUMENT**

Plaintiffs' Motion should be denied because plaintiffs do not (as they must) identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kinsella v. Bureau of Ocean Energy Mgmt.*, 2024 WL 5168944, at *1 (E.D.N.Y. Dec. 19, 2024) (quoting *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020)); *see also Kinsella*, 2024 WL 5168944, at *1 (citing *Liu v. Chau*, 2022 WL 2274721, at *1 (E.D.N.Y. June 23, 2022)) ("This standard mirrors that for a motion for reconsideration under Local Civil Rule 6.3."). This bar for reconsideration is "strict, and reconsideration will generally be denied." *Herschaft v. New York City Campaign Finance Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001), *aff'd*, 10 F. App'x 21 (2d Cir. 2001). Arguments that were "considered and rejected" in the initial decision do not warrant reconsideration. *See Great Am. Ins. Co. v. Zelik*, 439 F. Supp. 3d 284, 288 (S.D.N.Y. 2020); *Salveson v. JPMorgan Chase & Co.*, 166 F. Supp. 3d 242, 252 (E.D.N.Y. 2016), *aff'd*, 663 F. App'x 71 (2d Cir. 2016); *PAB Aviation, Inc. v. United States*, 2000 WL 1240196, at *1 (E.D.N.Y. Aug. 24, 2000) ("Because PAB's motion involves only reformulations of arguments already considered and rejected, reconsideration is not warranted."), *aff'd*, 169 F. App'x 61 (2d Cir. 2006).

4

Plaintiffs also should not be granted leave to further amend because they do not proffer additional facts—or the required proposed amended pleading—that would cure the operative amended complaint. A court may, "in its discretion, deny leave to amend 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023) (affirming denial of leave to amend). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *In re Tribune Co. Fraudulent Conveyance Litig.*, 10 F.4th 147, 175 (2d Cir. 2021) (affirming denial of leave to amend). Procedurally, plaintiffs have not complied with Local Rule 15.1(a), which requires them to "include as an exhibit . . . the proposed amended or supplemental pleading." E.D.N.Y. L.R. 15.1.

## I. PLAINTIFFS' MOTION FOR RECONSIDERATION SHOULD BE DENIED

### A. The Court properly concluded that cardholders do not have antitrust standing as direct or indirect purchasers.

Plaintiffs' request for reconsideration should be denied because they cannot identify any relevant facts or controlling authority that the Court overlooked in holding that plaintiffs lack antitrust standing. Instead, plaintiffs merely relitigate arguments this Court already considered and rejected.

First, the Court's antitrust standing analysis did not overlook plaintiffs' allegations that merchants are "co-conspirators" of defendants, and that cardholders pay more than they would in absence of the alleged unlawful agreement. On the contrary, this Court explicitly and repeatedly considered the allegation of merchants' conspiracy. (*See* Order at 2 ("Plaintiffs allege that Defendants, and <u>all the retail merchants who accept Visa or Mastercard payment cards, conspired</u>

5

to fix the price of the interchange fees"); at 11-12 (recognizing plaintiffs' objection to "the finding that Plaintiffs did not plausibly allege a <u>conspiracy between Defendants and merchants</u> to impose higher fees on Plaintiffs"); at 25 ("Plaintiffs argue that they are indirect purchasers of interchange fees because <u>merchants and banks conspire</u> to 'pass on' the interchange fee to Plaintiffs.").)[1]

Similarly, the Court reasoned that plaintiffs sufficiently alleged the first three prongs of the *Knevelbaard* analysis for Cartwright Act standing, including that "Plaintiffs allege that cardholders pay 'inflated prices for everything because interchange is built into ticket prices' and are thus harmed as indirect purchasers with each transaction." (Order at 27.) Thus, plaintiffs cannot credibly argue that the Court overlooked their argument that cardholders pay more than would otherwise be paid absent the alleged unlawful agreement.

Accordingly, not only are plaintiffs wrong that the Order "references Plaintiffs' allegation that the merchants are essential co-conspirators but only in passing" (Motion at 5 (citing Order at 25)), but plaintiffs' related argument that they are the "only enforcers" who can challenge the allegedly anticompetitive setting of interchange fees because merchants are "indispensable co-conspirators" (Motion at 7) cannot withstand the slightest scrutiny given the merchant litigation over which this Court has presided for twenty years.

Second, even if this Court had overlooked plaintiffs' allegation, there would be no error in the Court's antitrust standing analysis. As this Court correctly noted, the anticompetitive conduct allegedly occurred in the "General Purpose Card Network Services Market." (Order at 30.) Plaintiffs, on the other hand, allege they participate in the separate, but related, markets for "Merchant Acceptance of General Purpose Credit Cards" and "Merchant Acceptance of Debit Cards." (*Id.*) Thus, contrary to plaintiffs' argument (*see* Motion at 4, ¶ 1), the Court did not

---

[1] Unless otherwise noted, all emphasis in quoted material is added and citations omitted.

6

overlook the Ninth Circuit's decision in *Knevelbaard*, but clearly explained why plaintiffs could not meet the fourth factor—that the alleged injury is of "the type the antitrust laws were intended to prevent." (Order at 28.)² Plaintiffs gain nothing by citing Visa's responsive pleading for the proposition that "[p]urchases of transactions made with a Visa-branded payment card typically involve a cardholder, merchant, acquiring bank and issuing bank." (Motion at 4.) That statement does not—and does not purport to—concern the definition of the relevant market.

Similarly, plaintiffs' implication that this Court misapplied the law of antitrust standing does not withstand scrutiny. Plaintiffs' reliance on *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690 (1962), is misplaced because that case did not consider antitrust pleading standards or antitrust standing, but rather addressed how juries should evaluate evidence presented at trial about the existence of a conspiracy. *See Cont'l Ore*, 370 U.S. at 699 ("[I]n a case like the one before us, the duty of the jury was to look at the whole picture and not merely at the individual figures in it."). In any event, this Court did evaluate the allegations holistically to determine that plaintiffs lacked antitrust standing; nothing about this Court's analysis turned on "tightly compartmentalizing the various factual components [of plaintiffs' complaint] and wiping the slate clear after scrutiny of each." *Id.*³

---

² The Court's decision is consistent with other recent district court decisions. *See, e.g., PhantomALERT v. Apple, Inc.*, 2025 WL 71888, at *6 (D.D.C. Jan. 10, 2025) (plaintiff does not suffer antitrust injury where "there is a mismatch between the market allegedly controlled by [the defendant] and the market where [the plaintiff] is allegedly injured"); *Bakay v. Apple Inc.*, 2024 WL 3381034, at *7 (N.D. Cal. July 11, 2024) (dismissing antitrust claims where "[t]he alleged injury did not occur in the market where competition is restrained"), *appeal docketed*, No. 24-5314 (9th Cir. Aug. 30, 2024).

³ Plaintiffs identify this decision (which predated *AGC* by decades) for the first time in seeking reconsideration, and courts routinely decline to consider such belatedly identified authority because "to prevail on a motion for reconsideration, 'the moving party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." *Gem Fin. Serv., Inc. v. City of New York*, 2015 WL 1475853, at *3 (E.D.N.Y. Mar. 31, 2015) (Brodie, J.) (citing *Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002)); *see also Henderson v. City of New York*, 2011 WL 5513228, at *1 (E.D.N.Y. Nov. 10,
*(cont'd)*

7

Finally, plaintiffs' reliance on *Reiter v. Sonotone Corp.*, 442 U.S. 330 (1979), for the proposition that "antitrust laws were designed to protect the consumer, in this case the cardholder," does not move the needle because *Reiter* (another pre-*AGC* decision) does not address the relevant issue—whether the cardholder plaintiffs have antitrust standing. In *Reiter*, the Supreme Court held that consumers who pay a higher price for goods purchased for personal use as a result of alleged antitrust violations sustain an injury in their "property"—which is consistent with this Court's discussion of the *Knevelbaard* factors—but it does not address whether those consumers have antitrust standing. Nor does *Reiter* affect—much less cast doubt upon—this Court's reasoning that plaintiffs "are neither consumers nor competitors in the General Purpose Card Network Services" market. (Order at 30.)

Because plaintiffs have not shown that this Court overlooked any relevant facts or controlling authority, their motion for reconsideration should be denied.

**B. There is no clear error in the holding that claims against PNC should be dismissed for lack of personal jurisdiction.**

In two conclusory sentences of the introduction to their brief, plaintiffs incorrectly assert that this Court has jurisdiction over PNC under the Clayton Act because "PNC does business in the United States" and that, at a minimum, plaintiffs should get jurisdictional discovery as to PNC. (Motion at 4-5.) First, plaintiffs failed to object to Judge Marutollo's report and recommendation on this issue, (Order at 9-10); they cannot move for reconsideration of that to which they failed to object. Second, the federal Clayton Act does not apply to state-law claims. *See In re Vitamin C Antitrust Litig.*, Nos. 06–MD–1738 (BMC)(JO), 2012 WL 2930109, at *8 (E.D.N.Y. July 18,

---

2011) ("In order to have been 'overlooked,' the decisions or data in question must have been put before [the court] on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.") (alterations in original).

8

2012) ("Because the . . . plaintiffs do not bring federal antitrust claims, the Clayton Act cannot serve as a basis for this Court's jurisdiction over [Defendant] in that action."). This Court's ruling in favor of PNC is based on applicable law, and plaintiffs have provided no basis to alter that ruling.

## II.   LEAVE TO AMEND SHOULD NOT BE GRANTED

The Court should reject plaintiffs' request for leave to further amend their amended complaint because (i) the request is procedurally improper and (ii) the Motion does not identify what new facts would be alleged in a further amended pleading to satisfy the pleading standard of Rule 12(b)(6).

As a threshold matter, plaintiffs failed to comply with Local Rule 15.1(a), which requires that motions seeking leave to amend or supplement pleadings "include as an exhibit (1) a clean copy of the proposed amended or supplemental pleading; and (2) a version of the proposed pleading that shows—through redlining, underlining, strikeouts, or other similar typographic method—all differences from the pleading that it is intended to amend or supplement." Failure to supply a proposed pleading in accordance with the rules is sufficient basis to deny plaintiffs' request. *See Leonardo v. Wells Fargo Bank, N.A.*, 2024 WL 4344849, at *7 (E.D.N.Y. Sept. 30, 2024) ("Plaintiffs have not complied with Local Rule 15.1 requirement that they file their proposed supplemental pleading in support of their motion for leave to supplement their pleadings. Therefore, the motion must be denied."), *appeal docketed*, No. 24-2697 (2d Cir. Oct. 9, 2024).[4]

In any event, amendment would be futile because plaintiffs identify no facts that would be included in a further amendment that would prevent another dismissal. Plaintiffs complain that

---

[4] Plaintiffs also had the opportunity to identify proposed amendments when opposing defendants' motion to dismiss and when objecting to Judge Marutollo's report and recommendation, but failed to do so.

9

"[t]he Court's holding in this motion to dismiss is premised upon the finding that Plaintiffs do not participate in the market wherein the conspiratorial conduct takes place," and they would like to make "clear" that merchants are co-conspirators. (Motion at 12-13.) But plaintiffs have already made this allegation repeatedly, as the Court has acknowledged. (*See* Order at 2, 11-12, 25.) And this Court need not accept as true the legal conclusion that merchants—who have been challenging Visa and Mastercard rules before this Court for two decades—are actually co-conspirators in the allegedly anticompetitive setting of those rules. *See* FAC ¶¶ 203-05; *Hawkins v. Coca-Cola Co.*, 654 F. Supp. 3d 290, 310 (S.D.N.Y. 2023) (denying leave to amend where the plaintiff failed to suggest she was in possession of facts that would cure deficiencies highlighted by the court).

Moreover, plaintiffs' conclusory allegations about merchants' purported participation in a conspiracy are a red herring. This Court dismissed plaintiffs' case for an entirely different reason—the market in which interchange fees are allegedly inflated (the alleged market for General Purpose Card Network Services) is not one in which cardholders participate. (*See* Order at 29-33.) Aside from a vague reference to making their market definition "more concise," plaintiffs proffer no factual allegations that could cure their lack of standing. Nor could they, as the structure of payment card transactions is well-established in numerous decisions—many by this Court. That includes the *Salveson* action brought by the same plaintiffs' counsel, dismissed by this Court ten years ago, which was twice affirmed by the Second Circuit. *See Salveson v. JPMorgan Chase & Co.*, 2014 WL 12770235, at *3 (E.D.N.Y. Nov. 26, 2014), *on reconsideration in part*, 166 F. Supp. 3d 242 (E.D.N.Y. 2016) (Brodie, J.), *aff'd*, 663 F. App'x 71 (2d Cir. 2016). As this Court explained, "the transaction structure in this case is the same as the transaction structure in *Salveson*" (Order at 31), and "[a]s this Court and the Second Circuit concluded in *Salveson*," cardholders do not participate in the market where the "allegedly anticompetitive

10

interchange fee is set and paid between financial institutions." (Order at 32 (citing *Salveson*, 166 F. Supp. 3d at 261).) After a decade to contemplate how to frame their pleadings, plaintiffs failed to plausibly allege that they have antitrust standing and proffer no way to do so in a further amended complaint. Accordingly, this Court should deny them leave to amend yet again.

Having flouted the procedural and substantive requirements for leave to amend, plaintiffs cannot attempt to satisfy them for the first time in their reply brief. *See Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 298 (E.D.N.Y. 2016) ("It is well-established that '[a]rguments may not be made for the first time in a reply brief.'") (alterations in original) (quoting *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993)), *aff'd*, 707 F. App'x 724 (2d Cir. 2017); *see also Farricker v. Penson Dev., Inc.*, 513 F. App'x 46, 48-49 (2d Cir. 2013) (affirming denial of plaintiff's motion for leave to amend filed nine months after defendant's fully briefed motion to dismiss).

\*   \*   \*

Although the authority plaintiffs cite does not support their assertion that they "have a constitutional right to be 'heard'" by means of oral argument, defendants do not oppose oral argument to the extent that the Court would find it useful.

## **CONCLUSION**

Plaintiffs' Motion for Reconsideration should be denied in its entirety.

11

Dated: New York, New York
      January 29, 2025

| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | MORRISON & FOERSTER |
|---|---|
| By: /s/ *Boris Bershteyn*<br>    BORIS BERSHTEYN<br>    LARA A. FLATH<br>    KAMALI P. WILLETT<br>    One Manhattan West<br>    New York, NY 10001<br>    Telephone: 212-735-3000<br>    Facsimile: 212-735-2000<br>    Boris.Bershteyn@skadden.com<br>    Lara.Flath@skadden.com<br>    Kamali.Willett@skadden.com | By: /s/ *Michael B. Miller*<br>    MICHAEL B. MILLER<br>    NATALIE FLEMING NOLEN<br>    250 West 55th Street<br>    New York, NY 10019<br>    Telephone: 212-468-8000<br>    MBMiller@mofo.com<br>    2100 L Street NW, Suite 900<br>    Washington, DC 20037<br>    Telephone: 202-887-1500<br>    NFlemingNolen@mofo.com |
| *Counsel for JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.* | *Counsel for Bank of America Corporation, Bank of America, National Association, and Bank of America, N.A.* |
| O'MELVENY & MYERS LLP | SIDLEY AUSTIN LLP |
| By: /s/ *Abby F. Rudzin*<br>    ABBY F. RUDZIN<br>    ANDREW J. FRACKMAN<br>    1301 6th Avenue<br>    Suite 1700<br>    New York, NY 10019<br>    Telephone: 212-326-2033<br>    Telephone: 212-326-2017<br>    arudzin@omm.com<br>    afrackman@omm.com | By: /s/ *Benjamin R. Nagin*<br>    BENJAMIN R. NAGIN<br>    787 Seventh Avenue<br>    New York, NY 10019<br>    Telephone: 212-839-5300<br>    bnagin@sidley.com<br>    tpaskowitz@sidley.com |
| *Counsel for Capital One Financial Corporation, Capital One, F.S.B., Capital One Bank (USA), National Association and Capital One National Association* | *Counsel for Citigroup Inc. and Citibank, N.A.* |

PATTERSON BELKNAP WEBB & TYLER LLP

By: /s/ *Amy N. Vegari*
    AMY N. VEGARI
    WILLIAM F. CAVANAUGH, JR.
    1133 Avenue of the Americas
    New York, NY 10036
    Telephone: 212-336-2216
    Telephone: 212-336-2793
    avegari@pbwt.com
    wfcavanaugh@pbwt.com

*Counsel for Wells Fargo & Company and Wells Fargo Bank, N.A.*

REED SMITH LLP

By: /s/ *Michelle Ann Mantine*
    MICHELLE ANN MANTINE
    225 Fifth Avenue
    Pittsburgh, PA 15222
    Telephone: 412-288-4268
    mmantine@reedsmith.com

*Counsel for PNC Financial Services Group, Inc., PNC, and PNC Bank, National Association*

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Elizabeth P. Papez*
    ELIZABETH P. PAPEZ
    1700 M Street N.W.
    Washington, DC 20036
    Telephone: 202-955-8608
    epapez@gibsondunn.com

    RACHEL S. BRASS
    JULIAN W. KLEINBRODT
    One Embarcadero Center, Suite 2600
    San Francisco, CA 94111
    Telephone: 415-393-8293
    Telephone: 415-393-8382
    rbrass@gibsondunn.com
    jkleinbrodt@gibsondunn.com

*Counsel for BMO Harris Bank N.A., successor-in-interest to Bank of the West*

ALSTON & BIRD, LLP

By: /s/ *Teresa T. Bonder*
    TERESA T. BONDER
    KARA F. KENNEDY
    560 Mission Street, Suite 2100
    San Francisco, CA 94105
    Telephone: 415-243-1000
    teresa.bonder@alston.com
    1201 W. Peachtree Street
    Atlanta, GA 30309
    Telephone: 404-881-7000
    kara.kennedy@alston.com

*Counsel for U.S. Bancorp and U.S. Bank National Association*

| | |
|---|---|
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | ARNOLD & PORTER KAYE SCHOLER LLP |
| By: /s/ *Kenneth A. Gallo*<br>　　KENNETH A. GALLO<br>　　DONNA M. IOFFREDO<br>　　2001 K Street, NW<br>　　Washington, DC 20006<br>　　Telephone: 202-223-7300<br>　　kgallo@paulweiss.com<br>　　dioffredo@paulweiss.com<br><br>　　BRETTE TANNENBAUM<br>　　NINA KOVALENKO<br>　　GARY R. CARNEY<br>　　1285 Avenue of the Americas<br>　　New York, NY 10019<br>　　btannenbaum@paulweiss.com<br>　　nkovalenko@paulweiss.com<br>　　gcarney@paulweiss.com<br><br>*Counsel for Mastercard International Incorporated* | By:　/s/ *Matthew A. Eisenstein*<br>　　ANNE P. DAVIS<br>　　MATTHEW EISENSTEIN<br>　　600 Massachusetts Avenue, NW<br>　　Washington, DC 20001<br>　　Telephone: 202-942-6197<br>　　Telephone: 202-942-5000<br>　　anne.davis@arnoldporter.com<br>　　matthew.eisenstein@arnoldporter.com<br><br>　　ROBERT J. VIZAS<br>　　Three Embarcadero Center,<br>　　10th Floor<br>　　San Francisco, CA 94111<br>　　Telephone: 415-471-3100<br>　　robert.vizas@arnoldporter.com<br><br>*Counsel for Visa Inc., Visa U.S.A. Inc., and Visa International Service Association* |

## CERTIFICATE OF COMPLIANCE

I, Boris Bershteyn, hereby certify that this memorandum of law was prepared using Microsoft Word, complies with the word-count limitations set forth in Local Civil Rule 6.3, and contains 3,495 words, exclusive of the caption, the table of contents, the table of authorities, the signature blocks, and this certificate.


Dated: New York, New York　　　　　　　　/s/ *Boris Bershteyn*
　　　　January 29, 2025　　　　　　　　　　Boris Bershteyn

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant JPMorgan Chase &*
　　　　　　　　　　　　　　　　　　　　　　*Co. and JPMorgan Chase Bank, N.A.*