**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :
**IN RE PAYMENT CARD**                              :   Case No. 1:05-md-1720-MKB-JAM
**INTERCHANGE FEE AND MERCHANT**                    :
**DISCOUNT ANTITRUST LITIGATION**                   :
                                                    :
This Document Applies to:                           :
                                                    :
*Palladino, et al. v. JPMorgan Chase & Co., et al.,*  :
Case No. 1:23-cv-1215-MKB-JAM                       :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'**
**MOTION TO ALTER OR AMEND JUDGMENT UNDER FRCP RULE 59(e) AND**
**RULE 60**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ......................................................................................... 1

BACKGROUND ................................................................................................................ 2

ARGUMENT ..................................................................................................................... 3

    I.    THIS COURT LACKS JURISDICTION TO ADJUDICATE PLAINTIFFS' MOTION ................................................................................. 5

    II.    EVEN IF PLAINTIFFS' MOTION HAD BEEN TIMELY FILED, IT STILL SHOULD BE DENIED UNDER FRCP 59(e) ......................................... 6

    III.    EVEN IF PLAINTIFFS' MOTION HAD BEEN TIMELY FILED, IT STILL SHOULD BE DENIED UNDER FRCP 60(b) ......................................... 8

    IV.    PLAINTIFFS' DEMAND FOR ORAL ARGUMENT IS NOT SUPPORTED BY THE 5TH AMENDMENT OR FRCP RULE 12 ...................... 9

CONCLUSION .................................................................................................................. 9

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Allied Chemical Corp. v. Mackay*,
    695 F.2d 854 (5th Cir. 1983) ..............................................................9

*Arrieta–Gimenez v. Arrieta–Negron*,
    859 F.2d 1033 (1st Cir. 1988)............................................................9

*Associated General Contractors of California, Inc. v. California State Council of
    Carpenters*,
    459 U.S. 519 (1983)...........................................................................2

*Azkour v. Little Rest Twelve*,
    No. 10-CV-4132 (RJS), 2015 WL 1413620 (S.D.N.Y. Mar. 23, 2015).........................5, 6

*Bentley v. Varsames*,
    164 F.3d 617 (2d Cir. 1998)...............................................................5

*Chrysler Credit Corp. v. Cathey*,
    977 F.2d 447 (8th Cir. 1992) ..............................................................9

*Dayco Corp. v. Goodyear Tire & Rubber Co.*,
    523 F.2d 389 (6th Cir. 1975) ..............................................................9

*Djenasevic v. New York*,
    No. 17-CV-6366 (MKB), 2019 WL 2330854 (E.D.N.Y. May 30, 2019) .........................4

*Dougherty v. Harper's Magazine Co.*,
    537 F.2d 758 (3d Cir. 1976)...............................................................9

*Geear v. Boulder Community Hospital*,
    844 F.2d 764 (10th Cir. 1988) ............................................................9

*Great American Insurance Co. v. Zelik*,
    439 F. Supp. 3d 284 (S.D.N.Y. 2020)..................................................4

*Greene v. WCI Holdings Corp.*,
    136 F.3d 313 (2d Cir. 1998)...............................................................9

*Herschaft v. New York City Campaign Finance Board*,
    139 F. Supp. 2d 282 (E.D.N.Y. 2001), *aff'd*, 10 F. App'x 21 (2d Cir. 2001) ....................4

*Kinsella v. Bureau of Ocean Energy Management*,
    No. 23-CV-2915-FB-ST, 2025 WL 1548943 (E.D.N.Y. May 30, 2025)...........................5

*Kinsella v. Bureau of Ocean Energy Management*,
No. 23-CV-2915-FB-ST, 2024 WL 5168944 (E.D.N.Y. Dec. 19, 2024), *appeal filed,* No. 25-355 (2d Cir. Feb. 18, 2025) ................................................................4

*Kohler v. Garlets*,
578 F. App'x 862 (11th Cir. 2014) ....................................................................9

*Kolling v. Dow Jones & Co.*,
187 Cal. Rptr. 797 (Ct. App. 1982)....................................................................2

*Maldonado v. Local 803 International Brotherhood of Teamsters Health & Welfare Fund*,
490 F. App'x 405 (2d Cir. 2013) ....................................................................4, 8

*McGee v. State Farm Mutual Automobile Insurance Co.*,
684 F. Supp. 2d 258 (E.D.N.Y. 2009) ...............................................................3

*Metzler Investment Gmbh v. Chipotle Mexican Grill, Inc.*,
970 F.3d 133 (2d Cir. 2020)...........................................................................4, 6

*Morrow v. Topping*,
437 F.2d 1155 (9th Cir. 1971) ..........................................................................9

*Palladino v. JPMorgan Chase & Co.*,
761 F. Supp. 3d 521, 542 (E.D.N.Y. 2024), *appeal filed*, No. 25-1490 (2d Cir. June 13, 2025)...............................................................................................6

*Rivera v. Mattick*,
No. 09-CV-6621-FPG, 2016 WL 1259089 (W.D.N.Y. Mar. 28, 2016)...........5

*Salveson v. JPMorgan Chase & Co.*,
166 F. Supp. 3d 242 (E.D.N.Y. 2016), *aff'd*, 663 F. App'x 71 (2d Cir. 2016)...............1, 4

*Salveson v. JP Morgan Chase & Co.*,
No. 14-CV-3529 (JG), 2014 WL 12770235 (E.D.N.Y. Nov. 26, 2014) ...........1

*Stevens v. Miller*,
676 F.3d 62 (2d Cir. 2012)...............................................................................8

*Wilkins v. Rogers*,
581 F.2d 399 (4th Cir. 1978) ............................................................................9

*Yelle v. Mount Street Mary College*,
No. 18-CV-10927 (PMH), 2021 WL 311213 (S.D.N.Y. Jan. 29, 2021), *aff'd*,
No. 21-480-cv, 2022 WL 1715979, (2d Cir. May 27, 2022)............................5

## STATUTES

Fed. R. App. P. 4(a)(4)(A) ..................................................................................................3

Fed. R. App. P. 4(a)(4)(B)(i) ..............................................................................................3

Fed. R. Civ. P. 59(e) ........................................................................................................3, 6

Fed. R. Civ. P. 6(b)(2) ........................................................................................................4

Fed. R. Civ. P. 60(b) ........................................................................................................4, 8

## PRELIMINARY STATEMENT

Cardholder plaintiffs' attempt to reargue yet again that they have standing is plagued by the same dispositive defects this Court identified in its May 12, 2025 Memorandum and Order (ECF No. 104) denying plaintiffs' first and amended motions for reconsideration (ECF No. 99). Plaintiffs' "Notice of Motion and Motion to Alter or Amend Judgment Under FRCP Rule 59(e) and Rule 60" (ECF No. 105, "Motion") also introduces new procedural flaws because plaintiffs have both filed their Motion late and appealed the May 12 order, depriving this Court of jurisdiction to rule on the Motion. In addition to these procedural problems, plaintiffs fail to identify any clear error, intervening change in controlling law, new evidence, or extraordinary circumstances that would warrant reconsideration. Rather, plaintiffs' Motion rests solely on continued disagreement with this Court's well-reasoned decisions.

This latest filing represents plaintiffs' fourth attempt to reargue issues that have been exhaustively litigated and repeatedly rejected, including in: (1) Magistrate Judge Marutollo's report and recommendation (ECF No. 92); (2) Your Honor's order adopting the report and recommendation (ECF No. 97); and (3) Your Honor's memorandum and order denying plaintiffs' motion for reconsideration (ECF No. 104). Additionally, this Court and the Second Circuit have already considered and rejected the same cardholder standing argument in *Salveson v. JPMorgan Chase & Co.*, which addressed transactions identical to the structure of the transaction here. *See Salveson v. JPMorgan Chase & Co.*, 2014 WL 12770235 (E.D.N.Y. Nov. 26, 2014), *on reconsideration in part*, 166 F. Supp. 3d 242 (E.D.N.Y. 2016) (Brodie, J.), *aff'd*, 663 F. App'x 71 (2d Cir. 2016).

In light of plaintiffs' Second Circuit appeal, this Court lacks jurisdiction to adjudicate the Motion. Even if this Court had jurisdiction, plaintiffs do not meet the standard for this Court to alter or amend its judgments, and plaintiffs' Motion should be denied.

## BACKGROUND

Plaintiffs seek to represent a putative class of California Visa and Mastercard cardholders. They allege that Visa, Mastercard, and various banks conspired to fix interchange fees at supracompetitive levels in violation of California's Cartwright Act (Cal. Bus. & Prof. Code § 16700) and Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200). Plaintiffs amended their complaint in January 2023, and defendants responded by moving to dismiss under Federal Rules of Civil Procedure 12(b) and 12(c).

On July 31, 2024, Magistrate Judge Marutollo issued a report recommending that this Court grant defendants' motion to dismiss plaintiffs' claims because they lacked standing.[1] (ECF No. 92 at 61-62.) Plaintiffs objected to that recommendation.[2]

On December 30, 2024, Your Honor conducted a *de novo* review of the challenged portions of the report and recommendation and granted defendants' motions to dismiss in full. This Court held that plaintiffs lack antitrust standing as required by the Cartwright Act, applying the framework set forth in *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519 (1983). (ECF No. 97 at 12-24.) Specifically, this Court held that plaintiffs failed to allege participation in the relevant card-acceptance services market—the

---

[1]    Magistrate Judge Marutollo also recommended dismissal of PNC for lack of personal jurisdiction, and that recommendation was adopted by this Court. Plaintiffs' Motion does not ask this Court to reconsider its personal jurisdiction decision.

[2]    Plaintiffs did not object to Magistrate Judge Marutollo's recommendation that, if plaintiffs' claims are not dismissed for lack of standing, damages from transactions before December 30, 2018, are time-barred, and that recommendation was adopted by this Court. Plaintiffs' Motion does not ask this Court to reconsider its statute of limitations decision.

locus of the alleged anticompetitive conduct. (*Id.* at 25-33.) As a result, they failed to satisfy California's "market participant rule" as articulated in *Kolling v. Dow Jones & Co.*, 187 Cal. Rptr. 797, 807 (Ct. App. 1982). (*Id.*) And because plaintiffs conceded that their UCL claims "stand or fall with the outcome of the Cartwright Act claims," this Court dismissed the UCL claims as well. (*Id.* at 33.)

On January 13, 2025, plaintiffs filed their first motion for reconsideration and for leave to amend. (ECF No. 99.) This Court denied that motion, holding that plaintiffs failed to identify any facts or controlling law overlooked in the December 30 order and that their proposed amendments were futile, because they still did not allege participation in the relevant market. (ECF No. 104.)

Undeterred, plaintiffs filed this Motion on June 10, 2025—29 days after this Court's denial of their first reconsideration motion—invoking Federal Rules of Civil Procedure 59(e) and 60(b). That same day, plaintiffs also filed a notice of appeal.

## ARGUMENT

Plaintiffs' Motion should be denied because plaintiffs' notice of appeal, filed on June 10, 2025 (ECF No. 106), divested this Court of jurisdiction. "Normally, the docketing of a notice of appeal will divest a district court of jurisdiction over the issues encompassed by the appeal." *McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F. Supp. 2d 258, 266 (E.D.N.Y. 2009). Rule 4 of the Federal Rules of Appellate Procedure provides an exception to this ordinary course and states that if a party files a notice of appeal after the district court enters a judgment but before it disposes of a Rule 59 or Rule 60 motion, the notice of appeal does not become effective until the district court has disposed of the motion. *See* Fed. R. App. P. 4(a)(4)(A)(v), 4(a)(4)(A)(vi), 4(a)(4)(B)(i). But this exception applies only where the Rule 59 or Rule 60 motion was timely filed "within the time allowed for filing a motion under Rule 59." Fed. R. App. P. 4(a)(4)(A)(v), 4(a)(4)(A)(vi).

The time to file under Rule 59 is 28 days—a deadline plaintiffs missed. Fed. R. Civ. P. 59(e). Plaintiffs filed their Motion *29* days after this Court's denial of their first reconsideration motion. As Fed. R. Civ. P. 6(b)(2) directs, "[a] court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."

Even if plaintiffs' Motion were timely filed and this Court retained jurisdiction to hear it, it fails to meet the Rule 59(e) standard, which requires plaintiffs to identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kinsella v. Bureau of Ocean Energy Mgmt.*, No. 23-CV-2915-FB-ST, 2024 WL 5168944, at *1 (E.D.N.Y. Dec. 19, 2024) (quoting *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020), *appeal filed*, No. 25-355 (2d Cir. Feb. 18, 2025)). This bar is "strict, and reconsideration will generally be denied." *Herschaft v. N.Y.C. Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001), *aff'd*, 10 F. App'x 21 (2d Cir. 2001). Arguments that were "considered and rejected" in the initial decision do not warrant reconsideration. *See Great Am. Ins. Co. v. Zelik*, 439 F. Supp. 3d 284, 288 (S.D.N.Y. 2020); *Salveson v. JPMorgan Chase & Co.*, 166 F. Supp. 3d 242, 252 (E.D.N.Y. 2016), *aff'd*, 663 F. App'x 71 (2d Cir. 2016).

Plaintiffs also fail to meet the requirements of Rule 60(b), which provides that a court may "relieve a party or its legal representative from a final judgment, order, or proceeding" for, among other reasons, "mistake, inadvertence," or "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (6). "A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Djenasevic v. New York*, No. 17-CV-6366 (MJB), 2019 WL 2330854, at *2 (E.D.N.Y. May 30, 2019) (quoting *Maldonado v. Loc. 803 Int'l. Bhd. of Teamsters Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013)).

4

## I.    THIS COURT LACKS JURISDICTION TO ADJUDICATE PLAINTIFFS' MOTION

Plaintiffs' Motion should be denied for untimeliness and for lack of jurisdiction.  Although the Motion is dated June 9, 2025, this Court's file stamp confirms that it was not filed until June 10, 2025—29 days after this Court's May 12, 2025 Order denying plaintiffs' prior motion for reconsideration.  Because Rule 59 requires that a motion to alter or amend a judgment be filed within 28 days of the entry of judgment, plaintiffs' Motion is untimely.

Courts routinely deny post-judgment motions filed outside the strict time limits imposed by Rule 59.  *See Yelle v. Mount St. Mary Coll.*, No. 18-CV-10927 (PMH), 2021 WL 311213, at *3 (S.D.N.Y. Jan. 29, 2021) ("Plaintiff's Rule 59(e) motion to amend or alter the judgment is procedurally flawed as it was not timely filed and could be denied on that ground alone."), *aff'd*, No. 21-480-cv, 2022 WL 1715979 (2d Cir. May 27, 2022); *Rivera v. Mattick*, No. 09-CV-6621-FPG, 2016 WL 1259089, at *2 (W.D.N.Y. Mar. 28, 2016) ("Plaintiff's Rule 59 motion is . . . a day too late.  On that basis alone, the Plaintiff's Rule 59 motion must be denied.").

Here, plaintiffs not only filed their Motion late but also subsequently noticed an appeal of this Court's May 12 order, thus divesting this Court of jurisdiction.  Recently, Judge Block explained that "[t]he filing of the notice of appeal divests the District Court of jurisdiction to entertain a post-judgment motion pursuant to Fed. R. Civ. P. 60 unless the motion is brought within 28-days of the entry of judgment," *Kinsella v. Bureau of Ocean Energy*, No. 23-CV-2915-FB-ST, 2025 WL 1548943, at *2 (E.D.N.Y. May 30, 2025) (citation omitted), and where the plaintiff filed that motion "more than 28 days after the last judgment he challenges under Rule 60, the Court is divested of jurisdiction to consider his Rule 60 requests."  *Id.*; *see also Bentley v. Varsames*, 164 F.3d 617, 617 (2d Cir. 1998) (unpublished table decision) ("[B]ecause Bentley's Rule 59(e) motion was not timely, the District Court lacked jurisdiction to consider it."); *Azkour v. Little Rest*

5

*Twelve*, No. 10-CV-4132 (RJS), 2015 WL 1413620, at *1-2 (S.D.N.Y. Mar. 23, 2015) (Sullivan, J.) (denying the plaintiff's Rule 59(e) motion dated 28 days after the judgment, but not stamped by the Southern District indicating receipt until 29 days after judgment).

Accordingly, plaintiffs' Motion is fatally tardy and, in any event, this Court lacks authority to consider plaintiffs' Motion.  The Motion should be denied on these bases alone.

## II.    EVEN IF PLAINTIFFS' MOTION HAD BEEN TIMELY FILED, IT STILL SHOULD BE DENIED UNDER FRCP 59(e)

Even if plaintiffs' Motion had been timely filed, it should be denied because plaintiffs do not meet Rule 59(e)'s requirement to identify an intervening change in controlling law, new evidence, or a need to correct a clear error or prevent manifest injustice.  *See Metzler*, 970 F.3d at 142.

Here, plaintiffs resubmit arguments that have already been fully considered and rejected by this Court.  Specifically, plaintiffs argue that (1) they sufficiently alleged participation in the relevant market where price-fixing is alleged (Motion at 5-7), (2) this Court failed to properly consider the so-called "target exception" to the market participation requirement (*id.* at 7-8), and (3) this Court erred in denying leave to amend (*id.* at 8-9).  Each of these contentions was thoroughly addressed and rejected in this Court's May 12 order.

This Court's May 12 order extensively analyzed plaintiffs' alleged participation in the relevant market, devoting substantial discussion to this issue.  (*See* May 12 order at 9-20, explaining that "The Court did not overlook Plaintiffs' arguments that they participate in the relevant market, but rather concluded that Plaintiffs do not sufficiently allege that they 'participated in the relevant market where anticompetitive behavior occurred.'" (quoting *Palladino v. JPMorgan Chase & Co.*, 761 F. Supp. 3d 521, 542 (E.D.N.Y. 2024), *appeal filed*, No. 25-1490 (2d Cir. June 13, 2025)).)

6

This Court also considered and rejected plaintiffs' "target exception" argument, explaining that "[t]he cases Plaintiffs cite in support of their argument that the Court overlooked the 'target exception' to the market participation rule also only discuss that exception in the context of the federal antitrust laws" and that "[t]hese cases do not evaluate antitrust standing, or discuss the applicability of the 'target exception,' under California's Cartwright Act." (May 12 order at 17-18.[3]) In their Motion, plaintiffs yet again point to *Lorenzo v. Qualcomm*, 603 F. Supp. 2d 1291, 1295 (S.D. Cal. 2009), as the source of the "target exception" (Motion at 7), but as this Court already determined, "[t]he *Lorenzo* court explains that the exception applies to the standing requirement under the federal Clayton Act." (May 12 order at 17 (citing *Lorenzo*, 603 F. Supp. 2d at 1300).)

Finally, this Court evaluated plaintiffs' proposed amended complaint and explained that its "December 2024 Decision accepted Plaintiffs' allegations that merchants participate in the conspiracy and that cardholders are injured by paying inflated prices resulting from the conspiracy, and therefore Plaintiffs' additional allegations as to those arguments are futile." (May 12 order at 23.) Plaintiffs' remaining proposed allegations were conclusory, and therefore this Court correctly held that "Plaintiffs' proposed amendments fail to sufficiently allege participation in the market where anticompetitive conduct occurs and the Court accordingly denies leave to amend because it would be futile." (*Id.* at 23-24.) Plaintiffs now argue that "[t]he Court simply does not believe the relevant market and market participation claims alleged in SAC" (Motion at 8), an accusation belied by this Court's careful analysis of why leave to amend was not granted.

---

[3]  This Court also noted that "Plaintiffs raise their 'target exception' argument for the first time in their reply brief on their motion for reconsideration and '[I]t is hornbook law that '[a]rguments may not be made for the first time in a reply brief.''" (May 12 order at 16 n.9 (citations omitted).)

In sum, plaintiffs' Motion merely repackages arguments that have already been carefully considered and rejected. Plaintiffs offer no new basis for relief under Rule 59(e), and their Motion should be denied.

## III.   EVEN IF PLAINTIFFS' MOTION HAD BEEN TIMELY FILED, IT STILL SHOULD BE DENIED UNDER FRCP 60(b)

Even if plaintiffs' Motion had been timely, it would not warrant relief under Rule 60(b). Plaintiffs fail to specify which subsection of Rule 60(b) they invoke, and their filings do not allege newly discovered evidence, fraud, misrepresentation, a void judgment, or satisfaction of the judgment—grounds that would be required under Rule 60(b)(2) through (5). Thus, only Rule 60(b)(1) and Rule 60(b)(6) could even conceivably apply.

Rule 60(b)(1) provides relief for "mistake, inadvertence, surprise, or excusable neglect." Plaintiffs, however, do not identify any such mistake or neglect by counsel or the parties. To the extent plaintiffs suggest that this Court's May 12 order was mistaken, those arguments have already been addressed and rejected for the reasons set forth above regarding Rule 59(e). Mere disagreement with this Court's reasoning does not constitute a "mistake" within the meaning of Rule 60(b)(1). *See Maldonado*, 490 F. App'x at 406 ("A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided.").

Rule 60(b)(6) is reserved for "exceptional circumstances" justifying relief from judgment. Plaintiffs' continued disagreement with this Court's analysis neither rises to the level of "exceptional circumstances" nor allows for relief under Rule 60(b)(6). *See Stevens v. Miller*, 676 F.3d 62, 67-68 (2d Cir. 2012) (stating that "where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed"). Nor do plaintiffs identify any undue hardship or other exceptional circumstances that would warrant relief under this provision.

8

Therefore, plaintiffs have not established any basis for relief under Rule 60(b), and the Motion should be denied.

## IV.    PLAINTIFFS' DEMAND FOR ORAL ARGUMENT IS NOT SUPPORTED BY THE 5TH AMENDMENT OR FRCP RULE 12

Plaintiffs' refrain that they are entitled to oral argument is misplaced.  As the Second Circuit has explained, "[e]very circuit to consider the issue has determined that the 'hearing' requirements of Rule 12 . . . do not mean that an oral hearing is necessary, but only require that a party be given the opportunity to present its views to the court." *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998) (per curiam).[4]  Accordingly, while defendants do not oppose oral argument if this Court would find it helpful, there is no procedural (much less constitutional) basis for plaintiffs' assertion that such argument is required.

## <u>CONCLUSION</u>

Plaintiffs' Motion should be denied in its entirety.

---

[4]    Other circuits are in accord.  *See, e.g., Arrieta–Gimenez v. Arrieta–Negron*, 859 F.2d 1033, 1042 (1st Cir. 1988); *Dougherty v. Harper's Mag. Co.*, 537 F.2d 758, 761 (3d Cir. 1976); *Wilkins v. Rogers*, 581 F.2d 399, 405 (4th Cir. 1978) (per curiam); *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 856 (5th Cir. 1983) (per curiam); *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 391 (6th Cir. 1975); *Chrysler Credit Corp. v. Cathey*, 977 F.2d 447, 449 (8th Cir. 1992) (per curiam); *Morrow v. Topping*, 437 F.2d 1155, 1156-57 (9th Cir. 1971) (per curiam); *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir. 1988); *Kohler v. Garlets*, 578 F. App'x 862, 866 (11th Cir. 2014) (per curiam).

Dated: New York, New York
June 26, 2025

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

By: /s/ *Boris Bershteyn*
    BORIS BERSHTEYN
    LARA A. FLATH
    KAMALI P. WILLETT
    One Manhattan West
    New York, NY 10001
    Telephone: 212-735-3000
    Facsimile: 212-735-2000
    boris.bershteyn@skadden.com
    lara.flath@skadden.com
    kamali.willett@skadden.com

*Counsel for JPMorgan Chase & Co. and
JPMorgan Chase Bank, N.A.*

MORRISON & FOERSTER

By:    /s/ *Michael B. Miller*
    MICHAEL B. MILLER
    NATALIE FLEMING NOLEN
    250 West 55th Street
    New York, NY 10019
    Telephone: 212-468-8000
    MBMiller@mofo.com
    2100 L Street NW, Suite 900
    Washington, DC 20037
    Telephone: 202-887-1500
    NFlemingNolen@mofo.com

*Counsel for Bank of America Corporation,
Bank of America, National Association, and
Bank of America, N.A.*

O'MELVENY & MYERS LLP

By: /s/ *Abby F. Rudzin*
    ABBY F. RUDZIN
    ANDREW J. FRACKMAN
    1301 6th Avenue
    Suite 1700
    New York, NY 10019
    Telephone: 212-326-2033
    Telephone: 212-326-2017
    arudzin@omm.com
    afrackman@omm.com

*Counsel for Capital One Financial
Corporation, Capital One, F.S.B., Capital
One Bank (USA), National Association and
Capital One National Association*

SIDLEY AUSTIN LLP

By:    /s/ *Benjamin R. Nagin*
    BENJAMIN R. NAGIN
    787 Seventh Avenue
    New York, NY 10019
    Telephone: 212-839-5300
    bnagin@sidley.com
    tpaskowitz@sidley.com

*Counsel for Citigroup Inc. and Citibank, N.A.*

PATTERSON BELKNAP WEBB & TYLER LLP

By: /s/ *Amy N. Vegari*
    AMY N. VEGARI
    WILLIAM F. CAVANAUGH, JR.
    1133 Avenue of the Americas
    New York, NY 10036
    Telephone: 212-336-2216
    Telephone: 212-336-2793
    avegari@pbwt.com
    wfcavanaugh@pbwt.com

*Counsel for Wells Fargo & Company and Wells Fargo Bank, N.A.*


REED SMITH LLP

By:    /s/ *Michelle Ann Mantine*
    MICHELLE ANN MANTINE
    225 Fifth Avenue
    Pittsburgh, PA 15222
    Telephone: 412-288-4268
    mmantine@reedsmith.com

*Counsel for PNC Financial Services Group, Inc., PNC, and PNC Bank, National Association*


GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Elizabeth P. Papez*
    ELIZABETH P. PAPEZ
    1700 M Street N.W.
    Washington, DC 20036
    Telephone: 202-955-8608
    epapez@gibsondunn.com

    RACHEL S. BRASS
    JULIAN W. KLEINBRODT
    One Embarcadero Center, Suite 2600
    San Francisco, CA 94111
    Telephone: 415-393-8293
    Telephone: 415-393-8382
    rbrass@gibsondunn.com
    jkleinbrodt@gibsondunn.com

*Counsel for BMO Harris Bank N.A., successor-in-interest to Bank of the West*


ALSTON & BIRD, LLP

By:    /s/ *Kara F. Kennedy*
    KARA F. KENNEDY
    1201 W. Peachtree Street
    Atlanta, GA 30309
    Telephone: 404-881-7000
    kara.kennedy@alston.com

*Counsel for U.S. Bancorp and U.S. Bank National Association*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: /s/ *Kenneth A. Gallo*
    KENNETH A. GALLO
    DONNA M. IOFFREDO
    2001 K Street, NW
    Washington, DC 20006
    Telephone: 202-223-7300
    kgallo@paulweiss.com
    dioffredo@paulweiss.com

    BRETTE TANNENBAUM
    NINA KOVALENKO
    1285 Avenue of the Americas
    New York, NY 10019
    btannenbaum@paulweiss.com
    nkovalenko@paulweiss.com

*Counsel for Mastercard International Incorporated*

ARNOLD & PORTER KAYE SCHOLER LLP

By:   /s/ *Matthew A. Eisenstein*
    ANNE P. DAVIS
    MATTHEW EISENSTEIN
    600 Massachusetts Avenue, NW
    Washington, DC 20001
    Telephone: 202-942-6197
    Telephone: 202-942-5000
    anne.davis@arnoldporter.com
    matthew.eisenstein@arnoldporter.com

    ROBERT J. VIZAS
    Three Embarcadero Center,
    10th Floor
    San Francisco, CA 94111
    Telephone: 415-471-3100
    robert.vizas@arnoldporter.com

*Counsel for Visa Inc., Visa U.S.A. Inc., and Visa International Service Association*

**CERTIFICATE OF COMPLIANCE**

I, Boris Bershteyn, hereby certify that this memorandum of law was prepared using Microsoft Word, complies with the word-count limitations set forth in Local Civil Rule 6.3, and contains 2,817 words, exclusive of the caption, the table of contents, the table of authorities, the signature blocks, and this certificate.

Dated: New York, New York
      June 26, 2025

/s/ *Boris Bershteyn*
Boris Bershteyn

*Counsel for Defendant JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.*