SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST
NEW YORK, NY 10001
———
TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

DIRECT DIAL
(212) 735-3834
DIRECT FAX
(917) 777-3834
EMAIL ADDRESS
BORIS.BERSHTEYN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

July 18, 2025

**VIA ECF**

Honorable Margo K. Brodie
United States Chief District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

RE: *Palladino v. JPMorgan Chase & Co.*, 1:23-cv-01215 (MKB-JAM)

Dear Chief Judge Brodie:

We write on behalf of defendants in response to this Court's July 11, 2025, order. In that order, this Court asked defendants to explain why plaintiffs' June 10 motion under Rule 59 and Rule 60 untimely sought to amend a judgment if this Court had not entered a judgment. As we explain further below, plaintiffs' June 10 motion—which sought reconsideration of this Court's May 12 order denying plaintiffs' earlier Rule 59 motion—was untimely because the May 12 order operated as a judgment. Defendants would not have taken the Court on this procedural detour—for plaintiffs' June 10 motion plainly lacks merit even if it were timely (see ECF Doc. 109)—if the procedure did not implicate the Court's jurisdiction. Three actions by plaintiffs have combined to undermine that jurisdiction: their seriatim Rule 59 motions, their untimely second June 10 motion, and their subsequent notice of appeal. Of course, if this Court disagrees and adheres to the view that it has jurisdiction, defendants have already responded to plaintiffs' June 10 motion and stand ready for a ruling on the merits.

When a party timely files a notice of appeal, jurisdiction is typically removed from the district court and lies with the court of appeals. *McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F. Supp. 2d 258, 266 (E.D.N.Y. 2009). Rule 4 of the Federal Rules of Appellate Procedure provides an exception to this ordinary course if a party files a notice of appeal after the district court enters a judgment but before it disposes of a Rule 59 or Rule 60 motion. *See* Fed. R. App. P. 4(a)(4)(A)(v), 4(a)(4)(A)(vi), 4(a)(4)(B)(i). This exception only applies, however, where the Rule 59 or Rule 60 motion was filed "within the time allowed for filing a motion under Rule 59." Fed. R. App. P. 4(a)(4)(A)(v), 4(a)(4)(A)(vi). And a Rule 59 "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FRCP 59(e).

Hon. Margo K. Brodie
July 18, 2025
Page 2

Here, plaintiffs' June 10 motion was not timely filed.  The judgment was entered on May 12, 2025, when the Court issued its order denying plaintiffs' first Rule 59 motion.  *See* ECF Doc. 104 at 3 (denying plaintiffs' motion for reconsideration "pursuant to Rule 59 of the Federal Rules of Civil Procedure and Local Civil Rule 6.3").  Rule 58(c)(4) states, "[e]very judgment and amended judgment must be set out in a separate document, but <u>a separate document is not required for an order disposing of a motion for a new trial, or to alter or amend the judgment, under Rule 59</u>" (emphasis added).  Rule 58(c)(1) further elaborates that "[f]or purposes of these rules, judgment is entered . . . if a separate document is not required, when the judgment is entered in the civil docket under Rule 79(a)."[1]  Because this Court entered its order denying plaintiffs' Rule 59 motion "in the civil docket under Rule 79(a)" on May 12 and a "separate document" was not required, judgment was entered by operation of Rule 58 on May 12.  The 28-day clock for any subsequent motion to amend that judgment under Rule 59 and Rule 60 therefore began to run on May 12.[2]

Plaintiffs' subsequent (second) Rule 59 and Rule 60 motion was untimely because it was filed on June 10—29 days after the Court's May 12 order.  *See* ECF Doc. 105 at 2 (plaintiffs' motion "pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure").  And because this pending motion was not timely under Rule 59(e), the Rule 4(a)(4)(A)(v) and 4(a)(4)(A)(vi) exceptions do not apply.  Accordingly, plaintiffs' notice of appeal transferred jurisdiction to the Second Circuit immediately upon filing.

Defendants respectfully submit that *Johnson v. Maximus Services LLC*, No. 23-7672, 2025 WL 1561819, at *2 (2d Cir. June 3, 2025), is entirely consistent with defendants' position.  The *pro se* plaintiff in that case filed a single Rule 59 motion before appealing, and filed it within the 28-day time period set by Rule 59.  By contrast, plaintiffs here filed seriatim Rule 59 motions:  The first was denied, resulting in a final judgment, and the second was untimely.

Accordingly, defendants respectfully submit that, as a result of plaintiffs' various filings, the Court no longer has jurisdiction to rule on plaintiffs' pending June 10 motion.  But in the event this Court disagrees, defendants also briefed the merits of plaintiffs' motion, s*ee* ECF Doc. 109, and would respectfully urge the Court to deny it on the merits.

                Respectfully submitted,

                */s/ Boris Bershteyn*
                Boris Bershteyn

cc:       Counsel of record (via ECF)

---

[1] Rule 4(a)(7)(A)(i) of the Federal Rules of Appellate Procedure provides the same:  "A judgment or order is entered for purposes of this Rule 4(a):  if Federal Rule of Civil Procedure 58(a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a)."

[2] Plaintiffs appear to realize this.  If they did not believe that judgment was entered on May 12, they presumably would not have noticed an appeal on June 10—on the eve of the final day of their 30-day period to do so.